CITY OF MILWAUKEE, Appellant, vs. PUBLIC SERVICE COMMISSION and others, Respondents.

*March 6—April 3, 1951.*

32

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Clyde E. Sheets,* assistant city attorney, and oral argument by *Mr. Sheets.*

For the respondent Public Service Commission there was a brief by the *Attorney General* and *William E. Torkelson,* counsel, and oral argument by *Mr. Torkelson.*

*Joseph A. Barly* of Milwaukee, for the respondents School District No. 1 of the town of Milwaukee, Industrial Research Laboratories, Inc., and E. R. Godfrey & Sons Company.

For the respondent Joseph Schlitz Brewing Company there was a brief by *Shaw, Muskat & Paulsen,* and oral argument by *Van B. Wake* and *Francis H. Parsons,* all of Milwaukee.

For the respondent town of Milwaukee there was a brief by *C. R. Dineen,* attorney, and *William C. Dineen* of counsel, and oral argument by *Neal J. Gleason,* all of Milwaukee.

For the intervenor-respondent Continental Can Company, Inc., there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Ronold A. Drechsler,* all of Milwaukee.

FAIRCHILD, J. The necessary facts for deciding the questions submitted are those only which refer to the compliance of the appellant with the terms of sec. 196.405, Stats. This section reads in part:

"196.405 (1) Within twenty days after the service by the commission of any decision constituting an order or determination, any party to the proceeding and any other person, aggrieved by such decision and directly affected thereby, may apply to the commission for a rehearing in respect to any matters determined in said decision. The commission may grant and hold such rehearing on said matters, or upon such of them as it may specify in the order granting such rehearing, if in its judgment sufficient reason therefor exists.

"(2) The application for a rehearing shall set forth specifically the ground or grounds on which the applicant contends said decision to be unlawful or unreasonable. No cause of action arising out of any decision constituting an order or determination of the commission or any proceeding for the judicial review thereof under chapter 227, shall accrue in any court to any person or corporation unless the plaintiff or petitioner in such action or proceeding within twenty days after the service of said decision, shall have made application to the commission for a rehearing in the proceeding in which such decision was made. No person or corporation shall in any court urge or rely on any ground not so set forth in said application for rehearing."

The trial court, in rendering its judgment dismissing the proceedings, correctly held that it had no jurisdiction to review the order of the Public Service Commission dated May 15, 1950. Lacking timely application for a rehearing, the commission's ruling closed the matter effectively. No review by the courts was permissible because the matter was then within the realm of the legislative powers of the state. This becomes apparent upon a reading of sec. 227.15, Stats., which contains the emphatic provision: " . . . but if specific statutory provisions require a petition for rehearing as a condition precedent, review shall be afforded only after such petition is filed and determined." The record leaves the

appellant before the court in a position which amounts to an acknowledgment that the court has neither a duty nor the power to hear its petition.

Because of the statute just quoted, until an application for a rehearing has been made and determined by the commission, the matter is, as contended on behalf of the respondent, still in a field over which the courts, under our constitutional theory of division of powers, cannot exercise jurisdiction. See *School Dist. v. Callahan,* 237 Wis. 560, 579, 297 N. W. 407; *Wisconsin P. & L. Co. v. Public Service Comm.* 231 Wis. 390, 284 N. W. 586, 286 N. W. 392, where the rule is recognized to be that because of the administrative nature of the proceedings the regulation prevents judicial review where the matters in controversy are in the keeping and control of the commission. The legislation points out that while the matter is within the jurisdiction of the commission it is under the legislative power, and there is no duty as yet resting upon the court, nor is there any power reposed therein to enable it to take charge of the subject matter. This leaves the claim of appellant that any jurisdictional defect could be waived or affected by the general appearance of interested parties without merit. *Welhouse v. Industrial Comm.* 214 Wis. 163, 252 N. W. 717; *Fox River P. Co. v. International Brotherhood,* 242 Wis. 113, 7 N. W. (2d) 413.

The motion for rehearing was not made until more than thirty days after the order of the commission was made and served. It is urged on behalf of the city that the motion to reopen the proceedings before the Public Service Commission tolled the time for filing application for rehearing. But the language of the governing act is too pointedly against permitting such a ruling. The provision of sec. 196.405 (2), Stats., is that "no cause of action arising out of any . . . order or determination of the commission or any proceeding for the judicial review thereof under chapter 227, shall accrue in any court to any person or corporation unless the plaintiff

or petitioner in such action or proceeding within twenty days after the service of said decision, shall have made application to the commission for a rehearing in the proceeding in which such decision was made. . . ."

Words and phrases used in statutes are to be construed to give a direct and reasonable meaning agreeable to the purpose of the statute. The matter passed upon by the commission related to items such as rates, contracts, etc., and there had been a consideration of the facts relative to the matters under inquiry. There had been a determination of those matters, and there could be no rehearing on the problems dealt with unless a petition for such rehearing was made within twenty days after the service by the commission of its decision constituting an order and determination, and then only if in the judgment of the commission sufficient reason therefor exists. Sec. 196.405, Stats., provides that the commission may grant and hold such rehearing "on said matters, or upon such of them as it may specify" if in its judgment sufficient reason therefor exists. There is also a requirement that the application for a rehearing shall set forth specifically "the ground or grounds on which the applicant contends said decision to be unlawful or unreasonable. . . . No person or corporation shall in any court urge or rely on any ground not so set forth in said application for rehearing." The motion of May 25, 1950, to reopen the proceedings for additional evidence, relied upon by appellant as a substitute to be treated as a motion for rehearing, does not meet the requirements of sec. 196.405 (2).

Further, the general rules of the commission referred to in sec. 196.405, Stats., make a clear distinction between a rehearing and a reopening. The petition for a rehearing is directed to a particular phase in the proceeding; the motion to reopen has a distinct and separate purpose. An attempt to interpret the statute so as to have a "petition for rehearing" of a duly considered and decided subject mean the same as

"to reopen" for the purpose of considering other matters would result in destroying the plan designed by the legislature for these separate and respective proceedings. They are in no way identical in nature or purpose. The distinction of contents and purpose preserved by the statutes and rules governing proceedings before the commission is readily recognizable, and it is too evidently intended to be passed over. The sense in which "any words, are intended to be used furnishes the rule of interpretation, and this is to be collected from the context; and a narrower or more extended meaning will be given, according as the intention is thus indicated." 2 Lewis' Sutherland, Statutory Construction (2d ed.), p. 833, sec 437. "A petition for 'rehearing' is ordinarily for the purpose of directing attention to matters said to have been overlooked or mistakenly conceived in the original decision, and thus invites a reconsideration upon the record upon which that decision rested." 36 Words and Phrases, Rehearing (perm. ed.), 726.

The motion for rehearing having been made more than thirty days after the order of May 15th, it was denied by the commission. Sec. 196.405, Stats. *Lamasco Realty Co. v. Milwaukee*, 242 Wis. 357, 393, 8 N. W. (2d) 372, 8 N. W. (2d) 865. The trial court under the circumstances could do nothing more than dismiss the appeal.

As to the ruling by Judge REIS permitting the intervention by the Continental Can Company, Inc., it is unnecessary to treat the matter further than to call attention to the fact that the court had been advised that it was without jurisdiction, and that Judge REIS, in granting that order, recognized the probability of a dismissal of the entire proceedings because of lack of jurisdiction. He stated this in effect by his reservations made at the time. The lack of jurisdiction being as above outlined leaves the intervenor with an order that is not effective and cannot balance any future consideration before the commission either against it or in its favor. The

petition did not serve any purpose, and the order is reversed. Judge REIS' order of October 24, 1950, refusing to interfere with the judgment directed by the court of October 10, 1950, is affirmed. It is considered that the judgment entered October 10, 1950, must be affirmed.

*By the Court.*—So ordered.

BROWN, J., took no part.