## Varney vs. Varney.

*February 7 — March 14, 1882.*

DIVORCE. *Parties defendant to divorce suit:*

In a divorce suit by the wife, an order refusing to allow an amendment of the complaint making a third person a defendant on the ground that the principal defendant had conveyed to him a part of his real estate with intent on the part of both to defraud plaintiff of a proper provision for her support, etc., is affirmed because it is not shown that there was any intention to prejudice plaintiff's rights, or that they will be prejudiced, in fact, by the conveyance. *Damon v. Damon*, 28 Wis., 510, distinguished.

APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiff appealed from an order which is described in the opinion.

For the appellant there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence*.

*DeW. C. Priest*, for the respondent.

TAYLOR, J.  This is an appeal from an order of the circuit court refusing to permit the plaintiff to amend her complaint so as to make one Charles P. Stoddard a co-defendant, on the ground that the defendant, *Varney*, had without consideration and fraudulently conveyed to said Stoddard a portion of his real estate, in order to cheat and defraud the plaintiff of a proper provision for her support, suit money, temporary and permanent alimony.  This is a second action brought by the plaintiff against the defendant for a divorce from the bonds of matrimony.  The first action was determined against the plaintiff, after a long and expensive litigation at the cost of the defendant.  This action was commenced within a short time after the termination of the first, alleging as a ground of action a refusal on the part of the defendant to furnish the plaintiff a house and support.  The answer is a general denial, and sets up by way of counterclaim cruel and inhuman treat-

ment on the part of the plaintiff, and asks a divorce on defendant's part. The proof on the motion to amend shows that the defendant, under the order of the court, is paying to the plaintiff temporary alimony sufficient for her comfortable support.

The plaintiff alleges in her complaint that the defendant's property, real and personal, at the time of the commencement of this action, was worth the sum of $30,000, and that his yearly income was more than $2,000. The allegations of the complaint, in regard to the conveyance of the real estate to said Stoddard, show that it was conveyed to him May 3, 1878, and was recorded May 18, 1878. This was during the pendency of the first action brought by the plaintiff, which was decided adversely to her on the 19th of May, 1880. The value of the property conveyed is not alleged to exceed, at the present time, $9,000. The defendant denies any intent to defraud the plaintiff, or put his property out of her reach, so as to prevent her from a support, either temporary or permanent; and alleges that the conveyance was made for the benefit of the National Christian Association, and that, being made without her signature, she has a dower right therein.

The only ground for making Stoddard a party defendant is to secure to her, in case she succeeds in obtaining a divorce, a suitable provision out of the estate of the defendant. And if it appears that the estate of the defendant not disposed of is ample for that purpose, there is no reason for making his grantee a party to the action. According to the evidence of both parties, the defendant still retains the bulk of his property, and there can be no reason for believing that it will not be sufficient to meet any demands which are likely to be adjudged in her favor, in case of a divorce from the defendant. The conveyance was made long before this action was commenced, and before the cause of action for which the divorce is demanded arose. In such case the conveyance should not be disturbed, except upon the clearest proofs of an intent to prejudice the rights of the plaintiff, and upon the clearest proof that her rights would be prejudiced if the conveyance

is not set aside. See *Gibson v. Gibson*, 46 Wis., 449, 456. We think the evidence fails entirely to show any intention to prejudice her rights by the conveyance, or that her rights will be prejudiced in case of a divorce in her favor, if the conveyance is permitted to stand.

It will be seen by an examination of the case of *Damon v. Damon*, 28 Wis., 510, cited by the learned counsel for the appellant, that the plaintiff in that case made a very strong case, in her complaint, upon both of the points above suggested. The case came up upon a demurrer to the complaint, which admitted all the facts stated in the complaint. The learned counsel for the appellant in that case very properly said that the action had two purposes: first, to get a divorce and alimony, and then to subject the property held by the third party to the payment of the judgment for alimony, on the ground of fraud in the conveyance. It invokes the aid of the court to subject property of the defendant, conveyed with intent to defeat a judgment which the plaintiff may obtain, to the satisfaction of such judgment. And, applying the rules applicable to judgment creditors, the conveyance can only be set aside when there is not enough property remaining in the hands of the judgment debtor to satisfy the judgment. As a general rule, equity will not interfere to aid the judgment debtor, and set aside a conveyance as fraudulent, until it is shown that the defendant has no other property with which to satisfy the same. We think the learned circuit judge very properly refused the application to make Stoddard a defendant in this action, upon the evidence before him at the time the motion was made. As we are of the opinion that no appeal ought to have been taken by the plaintiff from the order of the circuit court denying the motion to make Stoddard a party to the action, the application for suit money to prosecute the same is denied.

*By the Court.*— The order of the circuit court is affirmed, without costs to either party, except that the respondent is required to pay the costs of the clerk of this court.