GOWRAN, Respondent, vs. LENNON and others: GRADY, Peti-
tioner, Appellant.

*October 7—October 28, 1913.*

*Relief from judgment: Discretion: Appeal: Review: Attorneys at
law: Liens: Intervention.*

1. When, in the exercise of its discretion under sec. 2832, Stats.,
   the court below has granted or refused relief from a judgment
   or order, the result will not be disturbed upon appeal unless

it appears so clearly wrong as to evince an abuse of judicial power.

2. Where relief against a judgment foreclosing a mortgage was sought under sec. 2832, Stats., by one who wished to intervene in the foreclosure action for the purpose of protecting a lien upon an allowed claim against the estate of the deceased mortgagor, the trial court, if it deemed the applicant's case somewhat uncertain upon its merits, might properly give much, and perhaps controlling, weight, in denying the application, to the fact that the relief sought was unnecessary, there being solvent parties from whom the claim, if valid, might be collected regardless of the foreclosure judgment.

[3. Whether an attorney who claimed a lien for services upon an allowed claim against the estate of the decedent was competent, under the circumstances of this case, to intervene in an action to foreclose a mortgage given by said decedent and impeach the mortgage indebtedness, not decided.]

APPEAL from an order of the circuit court for Columbia county: MARTIN L. LUECK, Judge. *Affirmed*.

Edward D. Lennon, to secure payment of his note, given in consideration of legal service to be rendered in defending him against the charge of having murdered Timothy McMahon, whom he shot, causing his death, mortgaged to J. L. Mahoney certain real estate. The note and mortgage, before maturity, were acquired by plaintiff for a valuable consideration, the note being indorsed by P. J. Lennon and said Mahoney. In due course the mortgage was foreclosed, the indorsers on the note, the personal representative of the deceased maker, and his heirs being duly concluded by the judgment. The personal representative of Mr. McMahon duly filed a claim in the probate court against the Lennon estate on account of pain and suffering caused to McMahon by Lennon. The claim existed when the mortgage was given, but was not asserted until long afterwards. Over a year after rendition of the foreclosure judgment the claim was allowed at $3,000. Appellant, *Daniel H. Grady*, was the attorney who secured such allowance and had not been paid for his services when the proceedings in question took place. After allowance of such

claim, due proceedings were taken to sell the mortgaged premises on the foreclosure judgment. Thereupon the personal representative of McMahon, deceased, petitioned the court to stay the sale, to set aside the judgment on the grounds of fraud in the mortgage, which if efficient could have been, but was not, asserted in the foreclosure proceedings, and for leave to be made a party in such action to defend as defendants might have done. Pending the proceedings on the petition, the petitioner and all persons interested in the McMahon estate united in withdrawing the intervention petition and releasing the Lennon estate from the claim allowed as aforesaid. *Mr. Grady* objected to dismissal of the intervention proceedings; claiming that he had a lien on the allowed claim for services in establishing it and that the release was delivered contrary to an agreement with him that it should not occur without his interest being protected. The estate and heirs were able to pay any legitimate charge *Mr. Grady* had for services in procuring allowance of the claim for damages. The latter did not have any agreement, verbal or otherwise, specifically securing him a lien on the claim for his services, but there was an understanding with the personal representative of the deceased, McMahon, that he should be allowed fifty per cent. of the amount recovered.

The court dismissed the petition for intervention and refused to grant a petition by *Mr. Grady* for leave to intervene for his own protection and impeach the mortgage claim. After some delay in the sale proceedings they were concluded, in due form, the sale reported to the court for confirmation, and was refused.

For the appellant there were briefs by *Daniel H. Grady, in pro. per.,* and *W. H. Farnsworth,* and oral argument by *Mr. Grady.*

*E. H. Ryan,* for the defendants.     [No brief.]

*W. S. Stroud,* for the respondent.

MARSHALL, J.   The foregoing gives the features, in general, of appellant's case.   The conclusion arrived at renders a statement in detail unnecessary.   Relief was sought by one whose claim was, as he thought, jeopardized by danger of the estate of the mortgagor, so far as covered by the mortgage, being extinguished by the foreclosure judgment.   On that account he invoked the court under sec. 2832 of the Statutes for permission to impeach the mortgage indebtedness and to clear the way therefor by vacating the judgment of foreclosure and making him a party defendant.

Many questions are raised by counsel for appellant which need not even be stated.   If, taking the most favorable view for him which could be reasonably done in case he were competent to impeach the mortgage indebtedness if not in judgment, there is still an insuperable difficulty in his obtaining the relief invoked, the question of competency is immaterial. That is the precise situation we have before us.   The statutory authority upon which he relies extends to granting relief where, under all the circumstances, there has been some excusable omission through inadvertence or otherwise, and justice seems to require that opportunity for a judicial hearing should be had notwithstanding such omission.   An appeal in such a case is addressed to the sound discretion of the court. Hence when such discretion shall have been exercised the result cannot be disturbed unless it appears so clearly wrong as to evince an abuse of judicial power.   That, manifestly, takes a pretty strong case.

The rule above stated is recognized by appellant but he contends that it does not apply in the particular instance because the trial court declined to exercise its discretion,—denying his application upon the ground of there being solvent parties from whom his claim could readily be collected.   In that it is considered, counsel is wrong.   The record, as a whole, bears convincing evidence that the trial court regarded the judgment of foreclosure as not working any injury to appellant

because his claim, if valid, is collectible regardless of the mortgage claim, as one element of the entire situation to be measured in determining whether the judgment is so prejudicial to him that his due protection requires judicial discretion to be exercised in his favor.    If the court deemed appellant's case somewhat uncertain as to merits, it might well have given much, and perhaps controlling, weight in denying the application, to the fact that there is open ample opportunity for him to collect his claim regardless of the foreclosure judgment or mortgage indebtedness.

Now it appears that every alleged circumstance upon which appellant grounded his application was put in issue.    His case was by no means a strong one, even if he had competency to be heard at all.    Add to its weakness the circumstance that interference in the manner sought was unnecessary for his protection, and no fair ground is left for holding that the order appealed from is grounded on abuse of judicial authority.

So the order must be affirmed and without any suggestion supporting appellant's claim of competency to intervene in the manner proposed.

*By the Court.*—The order is affirmed.