In this case the Fox River Paper Company appeals from an order appointing an arbitrator. It appears that plaintiff and the defendant entered into an arbitration agreement on the 30th day of September, 1938. It was agreed that the arbitration board should be composed of three members, one to be chosen by each of the parties to the agreement, the third member to be chosen by the two so appointed and — *Page 114 
". . . In the event that the two afore-mentioned members of the arbitration board are unable to agree as to the selection of a third member of the board before October 8, 1938, it is hereby further agreed that the circuit court of Outagamie county designate such third member of the board."
Upon an affidavit made on behalf of the defendant Union, to which was attached a copy of the agreement, the circuit judge signed an order, the material part of which follows:
"Edward J. Dempsey, attorney at law, of Oshkosh, Wisconsin, and arbiter for the Fox River Paper Company herein, show cause before me at the circuit court room of the courthouse in the city of Appleton, Outagamie county, Wisconsin, on the 17th day of December, 1941, at one o'clock in the afternoon of said day, . . . why the undersigned, circuit judge in and for Outagamie county, Wisconsin, should not appoint the third arbiter to complete the arbitration board."
Upon affidavits the plaintiff moved on December 17, 1941, to set aside and dismiss the order to show cause on two grounds: (1) That E. J. Dempsey was not an arbiter pursuant to the alleged agreement; and (2) that the circuit court has no jurisdiction of the subject or dispute set forth in petitioner's order to show cause.
The following order was entered:
"Now on motion, of Walter A. Graunke, the attorney for the International Brotherhood of Papermakers, Local Union Number 16;
"It is ordered, that Gerald Jolin, attorney at law, of Hortonville, Wisconsin, be and he is hereby and herewith appointed the third arbitrator under the terms of the arbitration agreement, and to carry out the arbitration agreement dated September 30, 1938. Dated at Appleton, Outagamie county, Wisconsin, February 20, 1942.

 "By the Court,
 "J. R. McCARTHY,
 "Circuit Judge."

From this order the plaintiff appealed. *Page 115 
No principle of law is better established than that parties by agreement cannot confer jurisdiction upon a court. State ex rel. Gaudynski v. Pruss (1940),233 Wis. 600, 290 N.W. 289. It is to be noted in this case that the order to show cause was signed by the circuit judge and returnable before the circuit judge and not before the court. Just how jurisdiction was conferred upon the court to make the order in question does not appear. This not being a proceeding in court, the court having no jurisdiction, the order from which the appeal is taken is clearly not an appealable order. This court has no jurisdiction to do anything but dismiss the appeal. Delpo Corp. v. Northern States Power Co.
(1934), 215 Wis. 329, 254 N.W. 553.
Appeal dismissed.
BARLOW, J., took no part.