WILL OF BLOCK: BLOCK (Hieron), Proponent and Respondent, vs. BLOCK (Cornelius) and another, Objectors and Appellants.

*June 4—July 3, 1953.*

For the appellants there were briefs by *Baumblatt, Hardy & Storms* of Racine, and oral argument by *Leonard P. Baumblatt*.

For the respondent there was a brief by *Benson, Butchart, Haley & Benson* of Racine, and oral argument by *Donald A. Butchart*.

Martin, J. Sec. 326.12 (1), Stats., provides:

"The adverse examination of a party, or any person for whose immediate benefit any civil action or proceeding is prosecuted or defended, or his or its assignor, officer, agent, or employee, or of the person who was such officer, agent, or employee at the time of the occurrence made the subject of the examination, may be taken by deposition at the instance of any adverse party upon oral or written interrogatories in any civil action or proceeding at any time before final determination thereof, . . ."

Sec. 274.33, Stats., provides:

"The following orders when made by the court may be appealed to the supreme court: . . .
"(3) When an order grants, refuses, continues, or modifies a provisional remedy. . . ."

The first question presented is whether the county court erred in limiting the adverse examination of Hildegarde Block. Respondent has moved to dismiss the appeal from said order on the ground that it is not appealable under sec. 274.33, Stats.

This court has often held that such an order is not appealable. In *State ex rel. Finnegan v. Lincoln Dairy Co.* (1936), 221 Wis. 15, 17, 265 N. W. 202, it was said:

"A decision on a motion to limit the scope of an adverse-party examination is nothing more nor less than an authoritative determination as to what evidence may be elicited upon the examination. The procedure is provided, no doubt, so that the parties to the action will have the benefit of the determination of the court rather than by the commissioner before whom the proceedings are pending.

"The order in question does not suppress anything. It merely prescribes the field in which the provisional remedy may operate. In reality the words 'continue' and 'modify' as used in the statute are not applicable to such a provisional remedy as an adverse examination of the opposite party. Those terms apply aptly to such a provisional remedy as at-

tachment. While the whole proceeding for the examination of an adverse party is properly held to be a provisional remedy, determining the procedural steps which may properly be taken when the remedy is invoked in a particular case is not the remedy itself. On the authority of *Milwaukee Corrugating Co. v. Flagge, supra* [170 Wis. 492, 175 N. W. 777], the order is not appealable."

Under the authorities we must hold that the order limiting the scope of the adverse examination of Hildegarde Block is not an appealable order, and the appeal therefrom is dismissed.

The second question is whether the county court erred in suppressing the adverse examination of Frank J. Ruzicka. Objectors cite *Estate of Landauer* (1952), 261 Wis. 314, 52 N. W. (2d) 890, 53 N. W. (2d) 627, to the effect that the privilege afforded by sec. 325.22, Stats., is waived when the attorney acts as a subscribing witness to a will. There the contestants sought to have Attorney Meissner produce prior wills of the decedent at the hearing on the objections and Meissner refused to do so on the ground of privilege under sec. 325.22. There was no attempt to call him on an adverse examination under sec. 326.12. The case is, therefore, no authority for objectors' contention on this appeal.

*Estate of Smith* (1953), 263 Wis. 441, 57 N. W. (2d) 727, is also cited, but it is not applicable since the question there was whether the attorney, Mr. Fairchild, could be required, *as executor,* to produce prior wills of the decedent. There, although an adverse examination of the attorney was had, it was held that under sec. 325.22, Stats., he was not required to produce the prior wills or testify to their contents. The *Landauer Case* was distinguished on the ground that the validity of the Landauer will was at issue, while the Smith will had been admitted without contest.

Mr. Ruzicka, admittedly, is not a party in this proceeding. Objectors claim, however, that the deceased is a "party" or at

least a "person for whose immediate benefit" the proceeding is had. We see no merit in the argument. Since the objectors' rights arise as beneficiaries under the will or as decedent's heirs at law, they are not parties adverse to the decedent.

In any event, Mr. Ruzicka cannot be said to be the agent of the deceased. It was said in *Estate of Briese* (1941), 238 Wis. 516, 518, 300 N. W. 235:

"Since the statute unambiguously makes subject to examination only those who were agents at the time of the occurrence made the subject of the examination he could not be examined upon these matters even apart from the hearsay objection. As to matters happening since his retainer his privilege as an attorney would prevent their disclosure. Hence, the application of the statute to an attorney engaged for the litigation would be wholly unproductive of useful information and we cannot believe that the statute intended to include such an attorney within the definition of agency."

*By the Court.*—Respondent's motion to dismiss the appeal from the order limiting the adverse examination of Hildegarde Block is granted. The order suppressing the adverse examination of Frank J. Ruzicka is affirmed.