DOBBERT, Appellant, vs. DOBBERT, Respondent.

*September 9—October 6, 1953.*

For the appellant there was a brief and oral argument by *Louis R. Potter* of Milwaukee.

For the respondent there was a brief and oral argument by *Gerald Powers* of Milwaukee.

GEHL, J. The plaintiff's application for an order interpleading the corporation was addressed to the discretion of the court, sec. 263.15 (2), Stats. That the court has authority in a divorce action to interplead a third person was held in *Damon v. Damon,* 28 Wis. 510.

In *Varney v. Varney,* 54 Wis. 422, 423, 11 N. W. 694, it was held, however, that the power is limited to those cases in which it is made to appear that property actually owned by the husband is in the hands of the third person and that such property must be reached to replace in the hands of the husband enough to meet any demands likely to be adjudged in the wife's favor. The court says that "if it appears that the estate of the defendant not disposed of is ample for that purpose [of satisfying the judgment], there is no reason for making his grantee a party to the action."

It does not appear from the complaint, the proposed amended complaint, or the affidavits submitted by the plaintiff in support of her motion to interplead the corporation, that defendant is without property which might be available to meet the demands of any judgment which might be awarded to her. In any event, we are unable to say that the trial court abused its discretion in making the order of November 7, 1952, denying plaintiff's motion to interplead the corporation.

The same must be said with respect to that part of the order of December 4, 1952, which strikes from the record an amended summons and complaint wherein it was sought to join the same corporation as a party defendant. Nothing appears in the record to indicate that the wife has been prejudiced by any dealings between the defendant and the corporation, nor does it appear that the court abused its discretion in striking the pleading.

That part of the order of December 4, 1952, which limits the adverse examination of the defendant and which strikes from the subpoena for the adverse examination the direction

that he produce upon his examination certain books and records of the corporation, the latter of which is in effect a further limitation of the examination, is not appealable. *Will of Block,* ante, p. 471, 59 N. W. (2d) 440.

Plaintiff's attack upon that part of the order of December 4, 1952, which denies her application for a review of the order of November 7, 1952, does not seem to us to require comment.

*By the Court.*—Orders affirmed.