QUALITY OUTFITTERS, INC., and another, Respondents, vs. RISKO, Appellant.

*May 6—June 3, 1958.*

For the appellant there were briefs and oral argument by *Milton S. Padway* of Milwaukee.

For the respondents the cause was submitted on the brief of *Robert A. Hess* and *Hess & Chernov,* all of Milwaukee.

BROWN, J. This order is not appealable. It is not found among those orders named or described as appealable by sec. 274.33, Stats., 34 West's Wis. Stats. Anno., Title 25, p. 147.

Appellant submits that it *is* included there, being an order which decides a question of jurisdiction. A reading of the order is sufficient to show that it was Judge CANNON's order which determined jurisdiction. This appeal is not from that order. The order appealed from expressly refused to review Judge CANNON's decision on the jurisdictional issue.

The order here on appeal denied Risko's motion to suppress the discovery examination. Such orders have been expressly held nonappealable. *Milwaukee Corrugating Co. v. Flagge* (1920), 170 Wis. 492, 175 N. W. 777; *Hyslop v. Hyslop* (1940), 234 Wis. 430, 291 N. W. 337. In *State*

*ex rel. St. Mary's Hospital v. Industrial Comm.* (1947), 250 Wis. 516, 519, 27 N. W. (2d) 478, we commented on these two cases, saying that they ". . . hold that orders relating to the taking of adverse examinations, since they merely regulate procedure, are not appealable."

The order denied the motion to quash the subpoena in that part which required the production of documents. If this is treated as an order refusing to suppress the examination in part, it is no more appealable than the order refusing to suppress the entire examination. More accurately, in this respect the motion was one to limit the examination. The order of the court did limit the examination, though not as drastically as appellant desired, as can be seen by a reference to the order itself. Such orders of limitation are not appealable. *Dobbert v. Dobbert* (1953), 264 Wis. 641, 60 N. W. (2d) 378; *Will of Block* (1953), 264 Wis. 471, 59 N. W. (2d) 440.

Risko contends that in this particular case to compel him to produce his books and papers infringes his constitutional right not to incriminate himself, and also violates the privilege between attorney and client. If among such documents there are privileged communications and some of them would tend to convict Risko of crime, that does not give appealability to the order requiring Risko to bring them to the examination. There, when and if he is required to put them in evidence, he may make these objections as well as any others which occur to him and the court commissioner will rule. If dissatisfied, Risko may have the question and ruling certified to the circuit court. See "Discovery Practice in Wisconsin," Lay, 1954 Wisconsin Law Review, 452, 453.

Finally, appellant submits that the subpoena requires a production of books and papers and permits their inspection by the adverse party and an order to that effect is appealable.

An order to that effect, *obtained under sec. 269.57, Stats.,* is appealable as we have frequently held. *Hudson v. Graff*

(1948), 253 Wis. 1, 33 N. W. (2d) 174. That order is issued only upon notice and hearing. It is quite a different thing in its origin and effect from a *subpoena duces tecum*. As we said in *Appleton v. Sauer* (1956), 271 Wis. 614, 616, 74 N. W. (2d) 167, the two proceedings are not to be confused.

We return to our initial position: This is not an appealable order. We have no jurisdiction to entertain an appeal from it. *First Wisconsin Nat. Bank v. Carpenter* (1935), 218 Wis. 30, 259 N. W. 836; *Sioux Land Co. v. Ewing* (1912), 148 Wis. 600, 135 N. W. 130. Our only jurisdiction is to dismiss the appeal. *Fox River P. Co. v. International Brotherhood* (1943), 242 Wis. 113, 7 N. W. (2d) 413.

*By the Court.*—Appeal dismissed.