FANSHAW, Administrator of the estate of Mary Ellen Fanshaw and Baby Boy Fanshaw, Appellant, v. MEDICAL PROTECTIVE ASSOCIATION OF FORT WAYNE, INDIANA, and others, Respondents. [Case No. 134.]

FANSHAW, Individually and as Special Administrator of the estate of Mary Ellen Fanshaw, Appellant, v. MEDICAL PROTECTIVE ASSOCIATION OF FORT WAYNE, INDIANA, and others, Respondents. [Case No. 135.]

*Nos. 134, 135. Argued September 7, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 155.)

For the appellant there were briefs and oral argument by *S. A. Schapiro* of Milwaukee.

For the respondents Medical Protective Association and C. L. Qualls there was a brief by *Hart, Wightman & Thurow* of Madison, and oral argument by *Arnold J. Wightman.*

For the respondents Lutheran Hospital Association and St. Paul Fire & Marine Insurance Company there were briefs by *Fulton, Menn & Nehs*, attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson.*

For St. Joseph's Hospital of Beaver Dam there was a brief by *Wells & Boyle* and *Howard H. Boyle, Jr.*, all of Beaver Dam, and oral argument by *Howard H. Boyle, Jr.*

HANLEY, J.   Three issues are presented on appeal:

(1) Whether the court erred in refusing to impose the penalties provided for in sec. 269.57 (4), Stats., for the refusal of record custodians to permit inspection of hospital records upon presentation of an authorization signed by the beneficiary of an insurance policy on the life of the deceased;

(2) Whether the court erred in denying appellant's motion to compel the signing of a deposition; and

(3) Whether the court abused its discretion in denying various motions made by appellant.

*Denial of penalties under sec. 269.57 (4), Stats.*

On December 13, 1969, appellant's counsel appeared at Lutheran Hospital and requested to be allowed to inspect and copy the hospital records relating to the treatment of Mrs. Fanshaw. He had with him an authorization signed by appellant. Although the appellant was the beneficiary of two life insurance policies covering Mrs. Fanshaw, the authorization made no mention of this fact. The administrator of the hospital refused to allow counsel to inspect the records on the grounds that they were not yet completed. Thereafter, appellant moved for an order directing production of the records and for the imposition of a $50 penalty against the custodian of the records, as provided for by sec. 269.57 (4), Stats. The trial court denied this motion, basing its decision on the fact that the authorization did not reveal the fact that appellant was entitled to the records as a beneficiary of a policy on the life of the deceased.

Respondent questions the appealability of this order. The order appealed from had two facets. First, it denied the motion for the production of the hospital records. This would be appealable under sec. 274.33 (3), Stats.,

as an order denying a provisional remedy. Second, the order denied the motion for the imposition of a penalty against the hospital and the custodian of the records. Since the motion for the imposition of a penalty under sec. 269.57 (4) could be considered a special proceeding, we think the order denying that motion can be appealed under sec. 274.33 (2) (a).

Whether or not appellant was entitled to the penalties provided for by sec. 269.57 (4), Stats., depends upon whether he was entitled to inspect the records in the first instance and whether the refusal to permit inspection was wrongful. Sec. 269.57 (4) states:

"Upon receipt of written authorization and consent signed by a person who has been the subject of medical care or treatment, or in case of the death of such person signed by his personal representative or by the beneficiary of an insurance policy on his life, the physician, surgeon or other person having custody of any medical or hospital reports, photographs, records, papers and writings concerning such care or treatment, shall forthwith permit the person designated in such authorization to inspect and copy such records. . . ."

It is admitted that the authorization did not reveal that appellant was either the beneficiary of an insurance policy on the life of the deceased or the personal representative of her estate. We conclude that if the authorization does not reveal the status of the person requesting the information, the record custodian is within his rights to refuse inspection. Consequently, the trial court properly denied appellant's motion for imposition of penalties.

*Refusal to compel signing of deposition.*

Appellant subpoenaed Ruth Fischer, an employee of Lutheran Hospital, for the purpose of taking her deposi-

tion. Such deposition was taken, but the deponent refused to sign it, alleging that it contained errors. Appellant moved the court to order Ruth Fischer to sign the deposition without making the corrections she felt necessary. This the court refused to do, but rather allowed the deponent to rectify whatever portions of her testimony she felt were in error.

The order merely regulates the procedure of taking a deposition. Such an order is not appealable. *Hyslop v. Hyslop* (1940), 234 Wis. 430, 291 N. W. 337; *Quality Outfitters v. Risko* (1958), 4 Wis. 2d 341, 90 N. W. 2d 638.

Even if the order were appealable, it would not be error for the court to allow corrections to be made in the deposition. As was stated in *Baltzer v. Chicago, Madison & Northern RR. Co.* (1895), 89 Wis. 257, 263, 60 N. W. 716, with respect to allowing a witness at trial to amend his deposition:

".  .  . This, as we understand it, was the correction of his own testimony, and that was proper. That should not be denied to any witness.  .  . ."

### Abuse of discretion.

Appellant contends that the lower court abused its discretion in limiting or denying discovery. The appellant has the burden of showing that the court did abuse its discretion; and this court will not reverse unless abuse is clearly shown. *Shier v. Freedman* (1970), 49 Wis. 2d 41, 181 N. W. 2d 400. With this principle in mind, we examine the individual allegations of abuse of discretion.

Appellant's first contention is that the trial court abused its discretion in refusing to make original records of the board of directors and the tissue committee available to the appellant. By order dated March 16, 1970, the trial court ordered Lutheran Hospital to make copies

of the records and minutes of the board of directors and tissue committee meetings available to appellant. This order was complied with. After examining these copies, however, appellant moved that the court order that the originals of these records be produced and made a part of the record. He based his demand on the fact that the copies do not show that there was any discussion of death of Mrs. Fanshaw and the child. This, he claims, is directly contrary to the sworn testimony of Mr. Sjobeck, the administrator of Lutheran Hospital, who indicated at the taking of his deposition that the deaths were discussed at the meetings. However, that deposition clearly shows that the deaths were discussed after, not during, the board of directors' meeting and that Mr. Sjobeck, not being a member of the tissue committee, would not know what was discussed during the meeting of the committee. In addition, the copies given to appellant were sworn to be correct.

The statutory authority requiring deposit of books or documents is sec. 269.57 (1), Stats., and reads in part:

"The court, or a judge thereof, *may* . . . require the deposit of the books or documents with the clerk and *may* require their production at the trial. . . ." (Emphasis supplied.)

It is obvious that the authority granted by this statute is limited to the deposit of records with the court, and not for making such material part of the court record. The appellant's motion requested something the statute does not allow, and was therefore overbroad. The trial court's denial of the motion was not an abuse of discretion.

Appellant's second contention is that the trial court abused its discretion in refusing to order production of records of a nonparty hospital. Appellant moved, under sec. 269.57 (1), Stats., to compel the production of employment and medical records of Mrs. Fanshaw by St.

Joseph's Hospital, her former employer. St. Joseph's has never been made a party to this action. The inspection statute is sec. 269.57 (1) and reads in part:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding . . . ."

This section refers solely to parties. Since St. Joseph's Hospital is not a party, appellant's motion was properly denied.

Appellant's third contention is that the trial court abused its discretion in refusing to permit further examination of a witness. Appellant subpoenaed Francine Grimm, an employee of Lutheran Hospital, to appear before a court reporter to give testimony on April 18, 1970. The reporter transcribed his notes and, without notice to either party, met some days later with the deponent to discuss the spelling of a number of words in the transcript. He removed eight to ten pages of the transcript, retyped them to correct the errors and destroyed the original pages. When appellant learned of this, he accused the reporter of having changed the testimony and moved for further examination of Francine Grimm on grounds that the testimonial trustworthiness of her deposition was questionable. The trial court, after a hearing on an order to show cause, denied the motion.

Appellant does not cite any legal authority in which the deponent's testimonial trustworthiness can be questioned because of the correction of spelling errors in the original transcript of her testimony. The record indicates that Miss Grimm's deposition contained such terms as "spectrophotometer" and "ethylenediaminetetraacetic" acid. It was not unreasonable for the court reporter to

ask for assistance in spelling these terms correctly, although it probably would have been more advisable for him to notify the parties as to his intentions before he consulted with the deponent. The corrections would, if anything, make the deposition more trustworthy, rather than less. We do not think it should be considered an abuse of discretion to deny a second adverse examination on the grounds that spelling errors in the first transcript were corrected.

Next, the appellant contends that the trial court abused its discretion in refusing to order production of drug disbursement records and the minutes of the pharmacy committee of Lutheran Hospital. Appellant sought an order for the production of the entire narcotics disbursement record and the entire stimulant and depressant record of the hospital. At this time, he already had a copy of the entire hospital record as it related to the treatment of Mrs. Fanshaw, which presumably would note the drugs given to her. The affidavit accompanying the order to show cause merely states that the deceased received, upon information and belief, drugs of an unknown type and that the disbursement records of the hospital might reveal the type of drug actually given. If this were the information actually sought, that should have been requested specifically. It was not necessary to inspect all of the drug records of the hospital, especially for periods when Mrs. Fanshaw was not a patient. Since the motion was overbroad, it cannot be said that the order denying production of these documents was an abuse of discretion.

Lastly, the appellant contends the trial court abused its discretion in refusing to order production of "the nursing procedural manual" and the "procedural rules" of the pharmacy of Lutheran Hospital. Appellant's affidavit supporting his order to show cause for the production of the pharmacy rules merely states that such rules are

relevant and necessary to the issues of the case. This statement is not supported by facts. Therefore, the motion was defective; and the order denying the production of these rules was proper.

The appellant requests this court to change the so-called "locality rule" for standards of medical care. This question is not properly before this court. No attempt was ever made to make the "locality rule" or any alternative to that rule the basis of an appealable order or judgment. The trial court has not entered any order concerning it nor any order based upon it. We decline to consider the question proposed.

*By the Court.*—Orders affirmed.