BUCHEN, Appellant, v. WISCONSIN TOBACCO COMPANY, INC., and others, Respondents. [Case No. 431.]
BUCHEN and another, Appellants, v. PERLE and another, Respondents. [Case No. 432.]

*Nos. 431, 432. Argued June 5, 1973.—Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 373.)

For the appellant in Case No. 431 there was a brief by *E. H. Snyder* of Milwaukee; for the appellants in Case No. 432 there was a brief by *E. H. Snyder* of Milwaukee; and oral argument for appellants in both cases by *Mr. Snyder*.

For the respondents there was a brief by *Aberg, Bell, Blake & Metzner* of Madison, and oral argument by *Carroll E. Metzner*.

CONNOR T. HANSEN, J.    On or about July 18, 1967, Scotten, Dillon acquired from Ralph R. Power and James E. Buchen all the outstanding voting common stock of Wisconsin Tobacco. At the time of sale, Power was the

president, chief executive officer and director of Wisconsin Tobacco; Buchen was vice-president, chief operating officer and director; and Lynn E. Tryggestad was the plant and warehouse manager. Power, Buchen and Tryggestad occupied these positions with Wisconsin Tobacco until December, 1970. December 10, 1970, they were notified that the board of directors of Scotten, Dillon voted to terminate their employment, allegedly because a loss of 43,000 bales of leaf tobacco, having an inventory value of $936,000, was discovered at Wisconsin Tobacco. After Buchen's dismissal, Perle acted as plant manager of Wisconsin Tobacco.

These dismissals have been challenged as being in violation of the bylaws of Scotten, Dillon and void. Resolution of this dispute is not before this court. However, the alleged loss of tobacco and the circumstances surrounding the dismissals produced the litigation now before this court.

The three orders from which this appeal is taken are: (1) An order, entered June 22, 1972, which denied the plaintiffs' motions to set aside the prior order of dismissal on the merits and with prejudice of the defendants, Wisconsin Tobacco and Scotten, Dillon; (2) an order, entered June 22, 1972, which refused to require production by the defendants of additional documents for inspection by the plaintiffs pursuant to a subpoena duces tecum; and (3) an order, entered July 12, 1972, which vacated a prior temporary restraining order but refused to restore the plaintiffs to possession of the properties and assets of Wisconsin Tobacco.

*Order refusing to vacate a prior order of dismissal.*

September 30, 1971, the trial court, upon plaintiffs' *ex parte* motion, dismissed the above-entitled actions upon their merits with prejudice as to the defendants, Wisconsin Tobacco and Scotten, Dillon. Plaintiffs' affi-

davit in support of their motions to dismiss averred that they believed there was no merit to their claims against the defendants, Wisconsin Tobacco and Scotten, Dillon.

Plaintiffs contend that the trial court committed error in refusing to exercise its discretion to relieve the plaintiffs from the order of September 30, 1971.

Sec. 269.46, Stats., insofar as it is relevant to the instant appeals, provides:

". . . The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation, or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. . . ."

The relief sought under the statute is addressed to the discretion of the trial court, and upon appeal from its order, this court will only reverse where there has been a clear abuse of discretion. *Ochiltree v. Kaiser* (1963), 20 Wis. 2d 191, 121 N. W. 2d 890; *Padek v. Thornton* (1958), 3 Wis. 2d 334, 88 N. W. 2d 316; *Gowran v. Lennon* (1913), 154 Wis. 566, 143 N. W. 678. This court in *Gowran, supra,* at page 569, stated:

". . . The statutory authority . . . extends to granting relief where, under all the circumstances, there has been some excusable omission through inadvertence or otherwise, and justice seems to require that opportunity for a judicial hearing should be had notwithstanding such omission. An appeal in such a case is addressed to the sound discretion of the court. Hence when such discretion shall have been exercised the result cannot be disturbed unless it appears so clearly wrong as to evince an abuse of judicial power. That, manifestly, takes a pretty strong case."

In support of their motion to vacate the order of September 30, 1971, plaintiffs contend that they, in reliance upon the advice of counsel, and upon the express representation of Power, that he was the president of

Wisconsin Tobacco and had the power and authority to enter into a binding and effective settlement agreement with the plaintiffs, entered into the settlement agreement, dated September 29, 1971. Plaintiffs assert that they were mistaken as to the facts, circumstances and law; that apparently Power did not have the authority to enter into the settlement agreement; and that they have not received any consideration for said settlement agreement or for settling their claims in these actions against Wisconsin Tobacco.

The record reveals that plaintiff, Buchen, and Power, fully cognizant of their purported dismissals on December 10, 1970, met on September 29, 1971, and conducted what was denominated a "special meeting of the directors of Wisconsin Tobacco Company, Inc." At that meeting they resolved that they were the only lawful directors of Wisconsin Tobacco and had the power and authority to conduct its business. Thereupon, they proceeded to take action on behalf of the corporation. This included such acts as the appointment of new directors and officers; changing of the names of those authorized to draw upon the corporate bank account; the "settlement" of the plaintiffs' actions against the defendant, Wisconsin Tobacco, including the corporate payment of compensatory damages and the fees, costs and disbursements of plaintiffs' counsel; the execution of a new employment contract between Wisconsin Tobacco and the plaintiff, Buchen; a retroactive corporate payment to plaintiffs, Buchen and Tryggestad, of wages between December 10, 1970, and September 29, 1971; and filing by the corporation, with the office of the secretary of state, the annual report of the corporation under the signature of Power, reflecting the officers and directors as reconstituted. The so-called "settlements" were effected without consultation with or approval of counsel of record for Wisconsin Tobacco and Scotten, Dillon.

The following day, September 30, 1971, the plaintiffs appeared in court and moved for the dismissal of their

actions against Wisconsin Tobacco and Scotten, Dillon. The settlement agreements purportedly reached the day before were not brought to the attention of the trial court, and the order dismissing the defendants, Wisconsin Tobacco and Scotten, Dillon, was not contingent thereon.

The trial court, in refusing to vacate its prior order of September 30, 1971, stated:

". . . plaintiffs ask to be relieved of the actions which they took prior to September 30, 1971. It appears from the affidavits and documents which are a part of these motions that plaintiffs proceeded on the assumption that they were in a position to in effect take control of Wisconsin Tobacco Company and that apparently they were dealing with someone who was in authoritative position in Scotten Dillon Company so they could enter into certain agreements, take certain actions, enter into certain stipulations, and settle these lawsuits. Now the facts such as they existed at that time certainly were within the knowledge and province of the plaintiffs. It was they who proceeded on the basis that they could deal with these corporations and reach their settlements and then proceeded to stipulate for the dismissal of these lawsuits on the merits as to the corporate defendants. The dismissals which were secured by the plaintiffs did not contain any reservations whatsoever.

"The court reaches the conclusion that the plaintiffs embarked upon a course of action with their eyes wide open, and upon advice of counsel, and this court is not of the opinion that any case has been made for excusing them from their judgments. These were judgments which they obtained themselves, they were not obtained against them."

Under the facts of this case, the trial court did not abuse its discretion in denying plaintiffs' motion.

*Order refusing to require production of documents pursuant to a subpoena duces tecum.*

December 16, 1970, in the action for slander, a subpoena duces tecum was served upon the defendant Perle, together with the summons in the case, the complaint,

and a copy of the notice of taking the examination, "otherwise than as a witness on the trial," and "under the provisions of section 887.12 of the Wisconsin Statutes," before a court commissioner. December 18, 1970, and in the same action, a subpoena duces tecum was served upon Summers as an officer, director, agent and employee of the defendant, Wisconsin Tobacco. The subpoenas requested Perle and Summers to bring with them to the examination all the books, records and other recordings of Wisconsin Tobacco relating to the alleged inventory shortage, including the minute or corporate books of Wisconsin Tobacco. Prior to the dismissal of the litigation as to Wisconsin Tobacco and Scotten, Dillon, there were intervening proceedings relating to the adverse examination and subpoena duces tecum, which, in our opinion, are not relevant to this appeal.

However, December 9, 1971, the defendants filed a motion with the trial court to rescind all prior orders as to discovery and production of certain documents and for return of the documents of Wisconsin Tobacco theretofore filed with the clerk of court. The affidavit in support of defendants' motion averred that Perle was no longer an agent or representative of either Wisconsin Tobacco or Scotten, Dillon, and is not authorized to produce or control any of the documents or records of said companies, and that Wisconsin Tobacco, as of September 30, 1971, had been dismissed as a party defendant. June 22, 1972, the trial court ordered:

". . . That the prior order of the court dated June 18, 1971, looking toward the production by the then defendant, Wisconsin Tobacco Company, of additional documents to which the plaintiffs felt they were entitled and the then contemplation by the court of a memorandum order as to any such documents as it would require the then defendant, Wisconsin Tobacco Company, Inc., to produce be and the same is hereby withdrawn and rescinded.

"... That those records presently on deposit with the court submitted pursuant to court order for examination by the plaintiffs are to remain in the custody of the Clerk of the Circuit Court at Viroqua, Wisconsin, pending further order of this court.

"... That the subpoenas previously directed to the defendant, David Perle, and Mr. Ernest Summers remain in full force and effect and the parties are directed to agree upon a time mutually convenient for the examination of said Perle and Summers; in the absence of such an agreement the court will upon appropriate presentation to the court direct a specific time for their appearance."

The order of the trial court strikes from the subpoenas the direction that Perle and Summers produce upon their examination certain books and records of the defendant corporation. Such an order is, in effect, an order which limits the scope of an examination. While orders that completely suppress such an examination have been held appealable, *Condura Construction Co. v. Milwaukee Building & Construction Trades Council* (1959), 8 Wis. 2d 541, 549, 99 N. W. 2d 751; *Estate of Briese* (1941), 238 Wis. 6, 8, 298 N. W. 57, an order which merely limits the scope of an examination, as this one does, is not appealable. *Quality Outfitters v. Risko* (1958), 4 Wis. 2d 341, 90 N. W. 2d 638; *Dobbert v. Dobbert* (1953), 264 Wis. 641, 60 N. W. 2d 378; *Will of Block* (1953), 264 Wis. 471, 59 N. W. 2d 440; *Hyslop v. Hyslop* (1940), 234 Wis. 430, 291 N. W. 337.

Plaintiffs cite *Fanshaw v. Medical Protective Asso.* (1971), 52 Wis. 2d 234, 190 N. W. 2d 155, for their contention that the order is a denial of a provisional remedy and, therefore, appealable.[1]

---

[1] Sec. 274.33, Stats., in part, provides:

"... The following orders when made by the court may be appealed to the supreme court:

"...

"(3) When an order grants, refuses, continues or modifies a provisional remedy ...."

In *Fanshaw, supra,* this court held that an order denying a motion for the production of documents, pursuant to sec. 269.57, Stats.,[2] is an order which is appealable in that it refuses a provisional remedy.[3]

An order granting or refusing to grant inspection requested under sec. 269.57, Stats., is not to be confused with an order which refuses to limit or limits an adverse examination. The right to adverse examination is granted by statute and not by an order of the court. In *Quality Outfitters, supra,* the appellant appealed from an order denying a motion to quash a subpoena in that part which required the production of documents. This court held such an order not appealable. At pages 344 and 345, this court stated:

". . . appellant submits that the subpoena requires a production of books and papers and permits their inspection by the adverse party and an order to that effect is appealable.

"An order to that effect, *obtained under sec. 269.57, Stats.,* is appealable as we have frequently held. *Hudson v. Graff* (1948), 253 Wis. 1, 33 N. W. (2d) 174. That order is issued only upon notice and hearing. It is quite a different thing in its origin and effect from a *subpoena duces tecum.* As we said in *Appleton v. Sauer* (1956), 271 Wis. 614, 616, 74 N. W. (2d) 167, the two proceedings are not to be confused."

---

[2] Sec. 269.57, Stats., provides in part:

"(1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding and may require the deposit of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both."

[3] *See also: Appleton v. Sauer* (1956), 271 Wis. 614, 74 N. W. 2d 167; *Hudson v. Graff* (1948), 253 Wis. 1, 33 N. W. 2d 174.

The plaintiffs have appealed from an order quashing that part of subpoena which required the production of documents and not an order denying a motion under sec. 269.57, Stats. Such an order is not appealable. The only jurisdiction of this court is to dismiss the appeal from this particular order.[4]

*Order vacating prior restraining order but refusing to restore the plaintiffs to the possession of the properties and assets of Wisconsin Tobacco.*

September 30, 1971, plaintiffs, Power, and their counsel, purportedly acting under the color of judicial process, caused the Vernon county sheriff to enter upon the premises of Wisconsin Tobacco, at Viroqua, Wisconsin. This was accomplished by serving upon one Allen Erhardt, plant manager of Wisconsin Tobacco, a letter from plaintiffs' attorney demanding Erhardt's removal from the premises. The letter also demanded that Erhardt turn over to Power all keys to the premises. After removal of Erhardt, the plaintiffs, Power and others seized possession and control of the premises, records, and assets of Wisconsin Tobacco to the exclusion of Scotten, Dillon and counsel of record for Wisconsin Tobacco. The locks to the outside doors were changed and plaintiffs, Power, and others, proceeded to take action on behalf of the corporation to effect the agreements they had reached at the September 29, 1971, meeting.

October 1, 1971, after learning of the entry of the Wisconsin Tobacco premises by plaintiffs and others, and prior to service upon the defendants of the order of September 30, 1971, dismissing the action as to defendant, Wisconsin Tobacco, Perle and Wisconsin Tobacco appeared in court through counsel and secured an order to show cause and temporary restraining order. The

[4] *Quality Outfitters, supra; Fox River Paper Co. v. International Brotherhood* (1943), 242 Wis. 113, 7 N. W. 2d 413.

order directed that plaintiffs, Buchen and Tryggestad, as well as Power, appear before the trial court and show cause why an order should not be issued restraining and enjoining Buchen, Tryggestad, Power, and their agents, employees, representatives, and attorneys, from using or permitting the premises known as Wisconsin Tobacco until the final hearing of the action. The trial court further ordered:

". . . that James E. Buchen, Lynn E. Tryggestad, Ralph Power and their agents, representatives, and employees forthwith desist and refrain from using or permitting the premises known as Wisconsin Tobacco Company, Inc., and any of its other places of business within the State of Wisconsin pending final determination of this action or until further order of this court and that they turn over to the Sheriff of Vernon County any keys or other property of said company that they have in their possession and that the sheriff turn any such property over to Allen Erhardt and allow Allen Erhardt, as an authorized employee of Scotten, Dillon and Wisconsin Tobacco Company, Inc., to use said premises to conduct the business of said company."

October 8, 1971, the trial court, following the hearing held pursuant to its order of October 1, 1971, ordered that the temporary restraining order be vacated and dissolved, but ordered that:

". . . The order entered on October 1, 1971 as part of said Order to Show Cause that James E. Buchen, Lynn E. Tryggestad and Ralph R. Power and their agents, representatives, and employees forthwith desist and refrain from using or permitting the premises known as Wisconsin Tobacco Company, Inc., and any of its other places of business within the State of Wisconsin pending final determination of this action or until further order of this court and that they turn over to the Sheriff of Vernon County any keys or other property of said company that they have in their possession and that the sheriff turn any such property over to Allen Erhardt and allow Allen Erhardt, as an authorized employee of Scotten, Dillon and Wisconsin Tobacco Company, Inc.,

to use said premises to conduct the business of said company be and the same is hereby affirmed; . . ."

The plaintiffs' objection that the restraining order entered as part of the order of October 1, 1971, was in violation of sec. 268.02 and sec. 268.025, Stats., was overruled.

Plaintiffs contend that the trial court lacked jurisdiction to issue the temporary restraining order of October 1, 1971, particularly that part which required the plaintiffs and others to return possession of the premises of Wisconsin Tobacco to Erhardt. Plaintiffs argue that no action was pending in which Wisconsin Tobacco or its directors or officers were a party or parties; that Power was not a party to any action before the trial court; and that there was no pleading demonstrating that Perle and Wisconsin Tobacco were entitled to the relief granted. Plaintiffs request that the trial court be instructed to enter an order restoring to the plaintiffs and Power the possession and control of the property and premises of Wisconsin Tobacco.

Defendants' affidavits in support of their request for a temporary restraining order aver that the entry of plaintiffs, Power and others, upon the premises of Wisconsin Tobacco constituted an unauthorized, improper and unlawful distraint of the properties of Wisconsin Tobacco; that said entry and possession of the premises by Power, Buchen and Tryggestad, was to the exclusion of the officers and employees of Wisconsin Tobacco and its parent corporation, Scotten, Dillon, and was not for any legitimate corporate purpose; that such entry adversely affected the interests and rights of Wisconsin Tobacco and Scotten, Dillon; and that any attempt by Power, Buchen and others to assert their claims to office under the color of judicial process and otherwise would irreparably injure employee and other relationships necessary to conduct the business of Wisconsin Tobacco.

Although defendant, Wisconsin Tobacco, had been dismissed from the lawsuits commenced by the plaintiffs prior to October 1, 1971, order to show cause and temporary restraining order, the record establishes that Wisconsin Tobacco submitted itself to the jurisdiction of the trial court for these purposes.

The trial court had jurisdiction to enter its order of October 1, 1971, and committed no error in overruling the plaintiffs' objections by order of July 12, 1972. Granting or withholding of injunctions is within the sound discretion of the trial court. The plaintiffs have not made any showing demonstrating that they are entitled to the relief requested. The order of the trial court is affirmed.

*By the Court.*—Appeal from order refusing to require production of certain records, dismissed. Orders refusing to vacate dismissal and temporary restraining order and restoring plaintiffs to possession and assets of Wisconsin Tobacco, affirmed.