HOWARD, and others, Plaintiffs–Respondents, v. DUER-STEN, and others, Defendants-Appellants.

*No. 75–689. Submitted on briefs November 2, 1977.—Decided December 13, 1977.*
(Also reported in 260 N.W.2d 274.)

For the appellants the cause was submitted on the brief of *Thomas M. Kells* of Milwaukee.

There was a joint brief by *Ronald J. Rutlin,* and *Mulcahy & Wherry, S. C.,* of Milwaukee, for Robert L. and Mary Anne Howard; by *Alexander N. Rubin,* attorney, Milwaukee, and *Harold A. Laufer,* of counsel, of Milwaukee, for Jerry Kraemer Construction, Inc.

ABRAHAMSON, J.  Michael and Carol Duersten appeal from a circuit court order denying their motion to vacate judgments entered against them.  We reverse the trial court's order.

Judgments were entered against the Duerstens in an action brought by Robert Howard, et al., hereinafter called the Howards, against Crestway Homes, Inc. and its officers and directors, Michael and Carol Duersten. The complaint, filed August 12, 1974, alleged that the Duerstens had fraudulently depleted assets of Crestway Homes, Inc. and that as a result the Howards were not able to satisfy judgments previously rendered in their favor against Crestway Homes, Inc.  The complaint sought judgment against the Duerstens in the amount of the unsatisfied judgments, together with interest and punitive damages.  The Duerstens answered on August 28, 1974 denying the allegations of the complaint.

All counsel were notified that trial had been set to take place on September 18, 1975.[1]  Because he had been

[1] Pretrial proceedings were punctuated by a signal lack of cooperation on the part of the Duerstens and Thomas Kells, their counsel.  An adverse examination of the Duerstens, originally scheduled to be held in the offices of Court Commissioner Patrick Sheedy on October 10, 1974, was postponed at the request of Duerstens' counsel and rescheduled for October 17, 1974.  Neither counsel nor the Duerstens appeared at the rescheduled examination. On October 18, 1974, Commissioner Sheedy signed an order requiring that the Duerstens appear for adverse examination on October 28, 1974 and that they produce all personal and corporate records relating to transactions between themselves and Crestway Homes, Inc.  Although the Duerstens and their counsel appeared at the October 28th examination, the records they had been ordered to

slated to appear at another trial on that date, Thomas Kells, attorney for the Duerstens, wrote to the trial court requesting that the trial date be rescheduled. The dispute over whether Attorney Kells was subsequently notified that the trial date had been changed to September 19, 1975, forms the factual basis for the parties' contentions on the motion to vacate and on this appeal. For whatever reason, neither Attorney Kells nor his clients appeared at the trial, which was held on September 19, 1975. Noting the absence of the Duerstens and Attorney Kells and ordering that the matter proceed, the trial court heard testimony and ordered entry of judgments against the Duerstens.

On October 3, 1975, by order to show cause, the Duerstens moved to have the court relieve the Duerstens of the oral judgments[2] under sec. 269.46, Stats. 1973.[3] The motion was denied, and the Duerstens appealed.

bring with them were not produced. On January 7, 1975, the Duerstens and their counsel failed to appear at a pretrial conference scheduled before the Honorable George A. Burns, Jr. Following a second pretrial conference at which counsel and Michael Duersten did appear, Judge Burns signed a pretrial order which among other things ordered the Duerstens to produce for examination the records previously ordered produced by Commissioner Sheedy. The Duerstens never complied with this order.

The trial court in its order denying the motion to set aside the judgments stated: "That in issuing this Order, the Court is mindful of previous conduct by counsel for the defendants, including but not limited to; failure to appear at an adverse examination scheduled for October 17, 1974, said date having been requested by counsel for the defendants after a prior adjournment; failure by counsel of the defendants to appear at the first pretrial conference in the above entitled matter scheduled for January 7, 1975."

[2] A written judgment was entered in favor of the Howards on October 17, 1975 and in favor of Jerry Kraemer Construction, Inc. on October 8, 1975.

[3] Sec. 269.46(1), Stats. 1973:

"269.46 Relief from judgments, orders and stipulations; review of judgments and orders

The issue before the trial court was whether the judgments should be set aside because they were obtained through "mistake, inadvertence, surprise or excusable neglect." Sec. 269.46, Stats. 1973. The Duerstens based the motion on their lack of awareness of the new trial date. The Howards claim that the notification of the rescheduled trial was "inexcusably ignored or forgotten" by the Duerstens' counsel.

The trial court decided the motion on October 7, 1975 after a hearing. Apparently, no transcript of the hearing was made. The order denying the motion recites that at the hearing the Howards were represented by counsel and the Duerstens were represented by their counsel and that the court considered the affidavits made on behalf of the Duerstens and the arguments made in open court. There is no indication in the record or in the briefs that testimony was taken at the hearing.

The only affidavits before the trial court at the hearing were those on behalf of the Duerstens. In an affidavit dated October 3, 1975 and filed with the trial court, Attorney Kells stated as follows: that on August 28, 1975, he was told by Judge Burns' clerk that the trial conflict would be resolved by the two courts; that it was his understanding that the trial in this matter would be scheduled sometime after the conclusion of his other trial; and that his office received no notification that this trial had been set for September 19, 1975, until calls taken by his answering service on the morning of the 19th were reported to his secretary when she arrived at the office later that morning. The affidavit of Attorney Kells' secretary supports this version of the events.

"(1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

Section 269.46 was replaced by sec. 806.07, Stats.

An affidavit of the Duerstens' accountant (a prospective witness for the Duerstens) stated that he was ready to testify on September 18 but that Attorney Kells advised him the trial was postponed. The Duerstens' affidavit also supports the facts asserted in Kells' affidavit.

The issue on appeal is whether the trial court abused its discretion in denying the Duerstens' motion to vacate the judgments entered against them. The application to vacate a judgment on the ground that it was obtained through mistake, inadvertence, surprise or excusable neglect is addressed to the discretion of the trial court, and the trial court's order will not be reversed except for abuse of discretion. *Buchen v. Wisconsin Tobacco Co.*, 59 Wis.2d 461, 208 N.W.2d 373 (1973). The trial court must undertake a reasonable inquiry and examination of the facts as the basis of its decision. The exercise of discretion must depend on facts that are of record or that are reasonably derived by inference from the record and the basis of that exercise of discretion should be set forth. This court will not find an abuse of discretion if the record shows that discretion was in fact exercised and if the record shows that there is reasonable basis for the trial court's determination.

There was no memorandum decision or findings of facts. The order denying the motion to vacate recited the following three evidentiary bases: (1) that on September 17, 1975, the court spoke with Attorney Kells and granted a one-day delay in the trial so that the trial was then scheduled for September 19, 1975; (2) that on September 18, 1975, the Deputy Clerk for the court placed a call to Kells' office to remind him of the trial date; and (3) that Duerstens' counsel did not communicate with counsel for the Howards regarding the conflict in trial dates.

Were the recitations in the order substantiated in the record, we would not be warranted in holding that the

trial court abused its discretion in determining that no mistake or excusable neglect lay behind Kells' and the Duerstens' failure to appear for trial. Our difficulty lies in determining on the basis of the record before us whether the trial court's order embodied a proper exercise of discretion.

Looking at the recitations in the order in reverse order, we find the record is silent as to whether counsel for the Duerstens communicated with fellow counsel as to conflicting trial dates.

Although the order states that the Deputy Clerk called Attorney Kells' office on September 18th, the affidavits filed assert that no reminder call was received on September 18 by Attorney Kells' office from the Deputy Clerk. The trial court might be justified in disregarding the affidavits filed on behalf of the Duerstens. However, there is nothing in the record to support the order's statement that a reminder call was placed on September 18.

There was an attempt to supply a factual record for the Deputy Clerk's call of September 18. On May 10, 1976 the Howards submitted to this court an affidavit dated May 7, 1976 made by Ruth Sass, Deputy Clerk to the trial judge. Sass' affidavit states that Attorney Kells' office was notified by the Deputy Clerk on September 18 of the September 19 trial date. The Duerstens moved to strike Sass' affidavit as outside the scope of the record. This court held the motion in abeyance pending the court's consideration of the merits of the appeal, and we now conclude the affidavit must be stricken.

Under Rule 251.25 (9) of the Rules of Practice in the Supreme Court, the appeal record shall consist of:

". . . (9) Any order made after judgment, material to the appeal, and the papers upon which the same is based."

Rule 251.26, Stats. provides that:

"The record shall not be accompanied by any paper, other than those specified, or which is not part of the record proper. No document shall be included in the record unless properly certified by the clerk of the court from which the appeal was taken and included in either the return or a supplemental return."

Sass' affidavit was not before the trial court at the hearing on the order to show cause and was not certified by the clerk of the trial court. In numerous cases we have held that we cannot consider affidavits which were not part of the record.[4]

---

[4] *Rodenbeck v. American Mut. Liability Ins. Co.*, 52 Wis.2d 682, 685–86, 190 N.W.2d 917 (1971) ("Affidavits may not be used to prove facts not of record.") ; *Vredenburg v. Safety Devices Corp.*, 270 Wis. 36, 39, 70 N.W.2d 226 (1955) ("We have no reason to doubt counsel's allegations but we are bound by the record and that is not to be enlarged by supplemental material which neither the trial court, acting within its jurisdiction, nor we, acting within ours, have ordered incorporated in it.") ; *Howard v. Howard*, 269 Wis. 334, 337, 69 N.W.2d 493 (1955) ("The affidavits of defendant's counsel and the divorce counsel, made and filed after the entry of the order appealed from and not made a part of the bill of exceptions, did not become a part of the record in the case. Consequently, we may not consider them.") ; *Kushman v. State ex rel. Panzer*, 240 Wis. 134, 140, 2 N.W.2d 862 (1942) ("We can only consider the record upon which the circuit judge made his decision.") ; *Kilcoyne v. Trausch*, 222 Wis. 528, 532, 269 N.W. 276 (1936) ("Neither on the hearing of [a motion for the dismissal of a plea in abatement] nor on the appeal from an order granting it, can the court take into consideration alleged matters of fact, which were not duly made a part of the record.") ; *Schroeder v. State*, 222 Wis. 251, 263, 267 N.W. 899 (1936) (". . . Neither those photostatic copies of affidavits nor counsel's affidavit . . . come to this court under the certificate of the clerk of the circuit court. Under those circumstances, neither the defendants nor their counsel have any right to found any argument or bring into the case on this appeal any fact not disclosed by the record.") ; *Farmington Mut. Fire Ins. Co. v. Gehardt*, 216 Wis. 457, 459, 257 N.W. 595 (1934) ("As the affidavit, verified on May 11, 1934, was not submitted to the court for its consideration on any of the motions which resulted in the orders appealed from, and was sent up with the record

If we thus eliminate two grounds upon which the trial court relied in exercising its discretion we are left with one finding to support the court's order denying the motion: the court's statement in the order that "on September 17, 1975, the court spoke with counsel for the defendants and granted a one day delay in the trial so that said trial was then scheduled for September 19, 1975." We assume the reference to "the court" is to the trial judge, and that the order therefore states facts within the personal knowledge of the trial judge. However the record does not set forth the nature of the conversation. Was it brief or of extended duration? What precisely was said? Is it possible or reasonable that Attorney Kells could have understood the communication to be that September 19 was a possible date dependent on his other trial but that September 19 was not the fixed trial date. We are unable to determine from the record before us whether the trial court would have denied the motion based only on its personal communication with Kells.[5]

The record before this court is not sufficient to enable us to review the order and conclude that there was a reasonable basis for the trial court's determination. Under these circumstances, we reverse the order.

*By the Court.*—Order reversed and cause remanded for proceedings not inconsistent with this opinion.

---

without leave of the court to file it or include it in the record, plaintiff's motion to expunge it from the record must be granted."); *Newcomb v. Town of Trempealeau,* 24 Wis. 459, 460–61 (1869) ("We must be governed by the record brought up in pursuance of the appeal taken to this court.").

[5] *Cf. Snajder v. State,* 74 Wis.2d 303, 311, 246 N.W.2d 665 (1976).