STATE of Wisconsin,
Plaintiff-Respondent,

v.

Jose O. GONZALEZ-VILLARREAL,
Defendant-Appellant.

Court of Appeals

*No. 2011AP1259–CR. Submitted on briefs July 30, 2012.
—Decided September 18, 2012.*

2012 WI App 110

(Also reported in 824 N.W.2d 161.)

472

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael J. Knoeller* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Daniel J. O'Brien*, assistant attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1. KESSLER, J. Jose O. Gonzalez-Villarreal appeals a nonfinal order of the circuit court removing Michael J. Knoeller as his defense counsel. Gonzalez-Villarreal, through Attorney Knoeller, argues that the circuit court denied him his Sixth Amendment right to choose his counsel by disqualifying Attorney Knoeller for acting as both defense counsel and translator during a police interview. Gonzalez-Villarreal petitioned this court for permission to appeal that order. We granted permission by an order dated February 21, 2012.[1]

---

[1] We regret to note that Attorney Knoeller failed to comply with the most rudimentary and significant requirements of Wis. Stat. § 809.19 (2009–10) in the brief he filed with this court. The factual statements which appear throughout the brief contain no citation to the record, in violation of § 809.19(1)(d). The appendix contains no table of contents identifying the items in the appendix by citation to the record, in violation of § 809.19(2). Immediately preceding the last page of the appendix (which is the circuit court's order and the only item in the appendix relevant to the specific issue on appeal) is a page containing a certification of the length of the brief, then additional argument and discussion of *Missouri v. Frye*, 566 U.S. __, 132 S. Ct. 1399 (2012). This additional argument and brief length certification has no place in the appendix. All of the appendix, except the circuit court's order discharging Attorney Knoeller, appears to us to be completely irrelevant to the only issue before us.

All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

## BACKGROUND

¶ 2. On August 13, 2009, Gonzalez-Villarreal,[2] a Spanish-speaker, was charged with five counts of possession of child pornography. The following week, on August 21, 2009, Gonzalez-Villarreal and Attorney Knoeller appeared at a conference held at the office of the district attorney. Gonzalez-Villarreal waived his right to a preliminary hearing. While at the district attorney's office, Gonzalez-Villarreal participated in an interview with two Milwaukee police detectives. Because no court translators were present at the interview, Attorney Knoeller, who is bilingual, translated the interview for Gonzalez-Villarreal. The interview was recorded and converted into a compact disk ("CD"), a copy of which was provided to Attorney Knoeller by a letter dated January 5, 2010.

¶ 3. Due to multiple discovery and evidentiary disputes, the progress of this case towards trial was significantly delayed. Eventually, on April 20, 2011, a hearing was held before the circuit court, during which the State made a "verbal motion . . . to remove the attorney for [Gonzalez-Villarreal]."[3] The circuit court held a hearing on the motion on May 26, 2011. The State explained that its motion for disqualification was based on its understanding that Attorney Knoeller was

---

[2] The record and the briefs show Gonzalez-Villarreal's name spelled both with one "r" and with two; however, to be consistent with the caption in this appeal, we spell it Gonzalez-Villarreal.

[3] The record does not disclose any prior objection by the State to Attorney Knoeller serving as both translator and counsel for Gonzalez-Villarreal on August 21, 2009. Gonzalez-Villarreal asserts in his brief that the State never made an objection before April 2011; the State does not dispute this assertion. Thus we consider the fact admitted. *See State v. Chu*, 2002 WI App 98, ¶ 41, 253 Wis. 2d 666, 643 N.W.2d 878.

in a position of conflict because Gonzalez-Villarreal made a potentially incriminating statement during the recorded interview. Because Attorney Knoeller acted as Gonzalez-Villarreal's translator during that interview, the State reasoned, Attorney Knoeller was in a position where he could potentially have to act as a witness in his client's case. Specifically, the State argued that Gonzalez-Villarreal's potentially incriminating statement:

> highlights a significant issue . . . that counsel appears to have made himself a witness by being a translator, which in and of itself, if the State were to use [Gonzalez-Villarreal's potentially incriminating] statement or even if it were to come in as some form of rebuttal evidence, could create an issue with respect to [Attorney Knoeller] becoming a witness as to the accuracy of the translation, which is a problem.

The State also noted that it "probably wouldn't be in the State's interest ultimately to use [the statement], because . . . it is an issue where [an] ineffective assistance of counsel claim could be raised and the case could be compromised if we use that inculpatory statement."

¶ 4. The circuit court, having listened to the recorded interview prior to the hearing, agreed with the State, determining that Attorney Knoeller "act[ed] as an interpreter . . . creat[ing] a circumstance where [he] is likely to be a necessary witness." Specifically, the circuit court observed:

> there are many circumstances where Mr. Knoeller himself is answering questions, seemingly on behalf of his client. Other circumstances Mr. Knoeller is, it is apparent to me, has discussion with his client . . . obviously at times it is unclear whether the answer

476

given is [the] statement of his client or if the answer is Mr. Knoeller's characterization of the client's statement[.]

¶ 5.　The circuit court granted the State's motion to disqualify Attorney Knoeller, stating that "acting as translator itself . . . created . . . [an] irreconcilable conflict for Mr. Knoeller." The circuit court reasoned that because there is "the potential . . . to determine there are incriminating statements made during the interview," there is a "*risk* that Mr. Knoeller is indeed *potentially* a witness . . . because he's the one doing the translating . . . [and] can indicate whether or not what he said and what is heard in the recording is an accurate, verbatim recitation of Mr. Gonzalez-Villarreal's own statement or whether it is something else[.]" (Emphasis added.)

¶ 6.　Gonzalez-Villarreal, through Attorney Knoeller, filed a motion to appeal the circuit court's nonfinal order. We granted the motion.

## DISCUSSION

¶ 7.　"The right to select counsel of one's choice . . . has been regarded as the root meaning of the constitutional guarantee . . . . Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147–48 (2006) (footnote and citations omitted).

¶ 8.　Supreme Court Rule 20:3.7 states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a *necessary* witness unless:

477

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(Emphasis added.) The party seeking disqualification based on SCR 20:3.7 has the burden of proving the necessity for disqualification. *See Marten Transp. Ltd. v. Hartford Specialty Co.*, 194 Wis. 2d 1, 24–25, 533 N.W.2d 452 (1995) (insurer as petitioner seeking disqualification of law firm representing insured had burden to prove its attorney-client relationship with firm; insured did not have burden to prove absence of such relationship). Whether disqualification of an attorney is required in a particular case involves an exercise of the circuit court's discretion. *State v. Tkacz*, 2002 WI App 281, ¶ 8, 258 Wis. 2d 611, 654 N.W.2d 37. The circuit court "possesses broad discretion in determining whether [attorney] disqualification is required in a particular case, and the scope of our review is limited accordingly." *Schloetter v. Railoc of Ind., Inc.*, 546 F.2d 706, 710 (7th Cir. 1976). Generally, we will not find an erroneous exercise of discretion if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the circuit court's decision. *Howard v. Duersten*, 81 Wis. 2d 301, 305, 260 N.W.2d 274 (1977). "However, we have never hesitated to reverse discretionary determinations where the exercise of discretion is based on an error of law." *State v. Wyss*, 124 Wis. 2d 681, 734, 370 N.W.2d 745 (1985), *overruled on other grounds by State v. Poellinger*, 153 Wis. 2d 493, 451 N.W.2d 752 (1990).

¶ 9. We interpreted SCR 20:3.7 in *State v. Foy*, 206 Wis. 2d 629, 557 N.W.2d 494 (Ct. App. 1996). Foy appealed his judgment of conviction, based in part on the

circuit court's decision to refuse to allow his defense counsel to testify on Foy's behalf. *Id.* at 636. In response to a question from the State, a witness testified that as she walked into the courtroom she overheard Foy make an incriminating comment to defense counsel. *Id.* at 638. During cross-examination, defense counsel referred to what she heard Foy say—a statement different from the witness's testimony. *Id.* Foy moved for permission for another public defender to conduct the examination of defense counsel so that she (defense counsel) could testify about what she heard Foy say, or, in the alternative, for defense counsel to withdraw so that new counsel could represent Foy, which would necessitate a mistrial. *Id.* The circuit court denied the motion, finding that SCR 20:3.7 did not permit defense counsel to testify and that a mistrial to substitute new counsel was not necessary. *Foy*, 206 Wis. 2d at 639.

¶ 10. We reversed, concluding that the circuit court erroneously interpreted SCR 20:3.7. We explained that the rule:

> provides that when an attorney is *likely* to be a *necessary* witness on a contested issue not related to legal services, the attorney should disqualify himself or herself as an advocate; however if disqualification would be a substantial hardship on the client, the attorney may continue as an advocate and still testify. "The substantial hardship" exception is directed to the effect on the client of counsel's disqualification. The rule contemplates a balancing between the interests of the client in continuing to be represented by the same attorney, against prejudice to the opposing party if the attorney acts in both roles.

*Id.* at 646 (emphasis added).

¶ 11. Here, despite Gonzalez-Villarreal's specific objection to the removal of his attorney,[4] the circuit court found "an irreconcilable conflict for Mr. Knoeller" based solely on the fact that Attorney Knoeller acted as a translator for his client.

■

¶ 12. For disqualification under SCR 20:3.7, the State must show that Attorney Knoeller is a *necessary* witness to the content of the interview. Here, the record supports no such conclusion. First, the State candidly admitted that for tactical reasons (its concern about a future ineffective assistance of counsel claim by Gonzalez-Villarreal), it was unlikely to use what it considered to be the incriminating statement. Further, the entire interview was recorded; the State and Attorney Knoeller both have a CD of the recording. Where an interview has been recorded, and all parties have a copy of the recording, it is unlikely that a party to the interview is a *necessary* witness to the contents of the interview. Finally, the accuracy of the translation on the CD can be shown by means other than Attorney Knoeller's testimony. Either party can retain a bilingual Spanish-English speaker to translate/interpret[5] and/or

---

[4] On hearing the circuit court's decision disqualifying Attorney Knoeller, Gonzalez-Villarreal (through his interpreter) interjected: "I do not want another attorney."

[5] The circuit court and the parties use the terms "translate" and "interpret" interchangeably in the record before us. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1182 (unabr. 1993) defines "interpret" as "to explain or tell the meaning of: translate into intelligible or familiar language or terms." In turn, "translate" is defined as "to turn into one's own or another language." *See id.* at 2429. Legal usage, according to the definition in BLACK'S LAW DICTIONARY (8th ed. 2004), defines an "interpreter" as "a person who translates, esp. orally, from one

to prepare a transcript of what was said by whom on the recording. Should the translations differ, a jury will weigh the testimony of the translators and come to its own conclusions as to whether Gonzalez-Villarreal made incriminating statements.

¶ 13. The circuit court granted the State's motion to disqualify Attorney Knoeller despite there being no evidence that Knoeller was *"likely* to be a *necessary* witness." *See Foy*, 206 Wis. 2d at 646 (emphasis added). We conclude, therefore, that the record does not demonstrate that Attorney Knoeller is a "necessary witness"[6] to the contents of the recorded interview, and thus not properly disqualified under SCR 20:3.7.

---

language into another; esp. a person who is sworn at trial to accurately translate the testimony of a witness who is deaf or who speaks a foreign language." *Id.* at 838.

In Wisconsin, borrowing from both dictionary definitions, an official court interpreter is defined by Wis. Stat. § 885.38(1)(c) as:

"Qualified interpreter" means a person who is able to do all of the following:

1. Readily communicate with a person who has limited English proficiency.

2. Orally transfer the meaning of statements to and from English and the language spoken by a person who has limited English proficiency in the context of a court proceeding.

3. Readily and accurately interpret for a person who has limited English proficiency, without omissions or additions, in a manner that conserves the meaning, tone, and style of the original statement, including dialect, slang, and specialized vocabulary.

[6] The circuit court never considered whether Gonzalez-Villarreal would suffer "a substantial hardship" if forced to accept alternate counsel. Nor do we find it necessary to do so because we have determined that Knoeller is not a necessary witness under SCR 20:3.7.

¶ 14. The circuit court based its decision on what it found to be a "conflict of interest" for Attorney Knoeller. Conflicts of interest for attorneys are governed by other SCR provisions. Therefore, the circuit court exercised its discretion based upon an error of law. Accordingly, we reverse.

*By the Court.*—Order reversed and cause remanded for further proceedings.