**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 6, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.     2019AP1585**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017PR1879

**IN COURT OF APPEALS
DISTRICT I**

IN RE IDA HERSCH MARITAL TRUST

THE ESTATE OF IDA A. PUMPIAN BY MARK A. PUMPIAN AS SPECIAL ADMINISTRATOR AND MARK PUMPIAN INDIVIDUALLY,

        APPELLANTS

    V.

WILLIAM M. HERSCH,

        RESPONDENT,

COMERICA BANK & TRUST, NA,

        INTERVENOR-RESPONDENT,

        APPEAL from an order of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge.  *Affirmed in part; reversed in part and cause remanded for further proceedings*.

Before Brash, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM.   The Estate of Ida A. Pumpian by Mark A. Pumpian as Special Administrator (the Estate) and Mark Pumpian (Pumpian) appeal an order from the probate court regarding the resolution of Ida Pumpian's petition against William M. Hersch (Hersch), trustee of the Ida Hersch Marital Trust (Marital Trust).   Pumpian, individually, appeals the probate court's order requiring him to personally reimburse the Marital Trust for attorney fees awarded by the probate court.   For the reasons discussed in detail below, we affirm in part, reverse in part and remand for further proceedings.

## BACKGROUND

¶2   Ida Pumpian (Ida)[1] and Robert A. Hersch (Robert) were married in or around 1980.   Prior to his death, Robert established a marital trust to provide income for life for Ida.   After Robert's death in May 2003, the Marital Trust was administered by three co-trustees:   Attorney Thomas Shannon and two of Robert's children, William Hersch and Laurie Jacobs.[2]   According to the terms of the Marital Trust, all net income generated by the Marital Trust must be paid to Ida during her lifetime.   Upon Ida's death, any accrued income could be distributed to

---

[1] While Ida and Robert were married her name was Ida Hersch.   When the petition was filed she was known as Ida Pumpian.

[2] Jacobs resigned as trustee on December 31, 2004, and Shannon resigned as trustee on June 22, 2017.

Ida's estate, and the remaining principal would be distributed equally between Robert's children.

¶3     On December 18, 2017, Ida filed her initial petition[3] seeking to remove Hersch as trustee of the Marital Trust, alleging one count of breach of fiduciary duty in the administration of the Marital Trust.  Roughly one year later, on November 15, 2018, Ida filed an amended petition alleging four causes of action:  (1) breach of trust—duty of impartiality, (2) breach of trust—duty to inform and report, (3) civil theft contrary to WIS. STAT. § 895.446 (2019-20),[4] and (4) a request to remove Hersch as trustee.  Ida alleged that Hersch reallocated the Marital Trust assets to reduce the amount of income they produce that would be paid to Ida and refused to provide monthly accounting statements to Ida.

¶4     In September 2018, Ida filed a motion for a protective order pursuant to WIS. STAT. § 804.01(3) in response to Hersch's request to depose Ida in Milwaukee, Wisconsin.  In the moving papers, Ida's counsel informed the court that Ida was ninety-five years old, living in San Diego, California, had "difficulty walking, has had several falls, does not hear well, and suffers late stage dementia." Ida submitted a report from a doctor in California who evaluated Ida and advised against having her travel to Wisconsin for a legal proceeding.  The report noted

---

[3] The initial petition was filed on behalf of Ida Pumpian, by Mark A. Pumpian, pursuant to the power of attorney Ida executed in November 2003.  After Ida died on September 22, 2020, Hersch and Comerica Bank & Trust, NA (Comerica), filed a suggestion of death with this court and the Estate filed a motion seeking to have the Estate be substituted for Ida as the appellant— we granted that motion by order dated January 13, 2021.  We note that, as will be discussed below, Comerica was appointed successor trustee of the Marital Trust by order of the probate court on April 22, 2019.

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

that conversing with Ida is "very challenging" due to both her hearing loss and her progressive dementia.[5]

¶5      On December 21, 2018, Hersch moved to dismiss Ida's count three for civil theft—the motion hearing was set for February 14, 2019.  In a separate motion filed on the same day, Hersch moved for particularized discovery under WIS. STAT. § 802.06(1)(b) to depose Ida, whom Ida's counsel listed as a witness— the motion hearing was set for January 15, 2019.

¶6      At the hearing on January 15, 2019, the probate court addressed Ida's motion for a protective order regarding the deposition of Ida, Hersch's motion for particularized discovery of Ida, and other issues that arose under the scheduling order.[6]  The record reflects that during the hearing the parties assumed and accepted that Hersch's motion to dismiss count three for civil theft triggered an automatic stay of discovery for 180 days or until the motion to dismiss was resolved under the newly amended WIS. STAT. § 802.06(1)(b).[7]  By contrast, the probate court indicated that it was not familiar with the revisions to the statute stating, "I have not had the chance to read the statute," and at one point it commented that "[t]here is no stay on any discovery."  At the hearing the probate court made no affirmative decision relative to the issue of staying discovery and

---

[5] After multiple hearings and motions, counsel for Hersch traveled to California to depose Ida.

[6] Although the court issued a scheduling order in October 2018 governing discovery, dispositive motions, and mediation, the parties returned to court with scheduling and discovery issues multiple times.

[7] We note that 2017 Wis. Act 235 § 33 provides that the amendment of WIS. STAT. § 802.06(1)(b) first applied "to actions that are filed on July 1, 2018."  Ida filed her petition on December 18, 2017, and the amended petition on November 15, 2018.

its written order following the hearing did not address staying discovery. However, it did grant Ida's request for extensions on its deadlines for its witness list and expert report and ordered Hersch to produce the year-end annual statements for the Marital Trust assets for 2017 and 2018. It also stated that Hersch was permitted to depose Ida.

¶7    At the February 14, 2019 hearing, the probate court addressed Hersch's motion to dismiss count three of Ida's petition—civil theft of property and also discovery issues. It dismissed count three, with prejudice, "in the interest of justice" and denied Ida's motion to voluntarily dismiss the claim without prejudice.[8]    Also on February 14, 2019, Hersch also filed a motion to dismiss counts one, two, and four. In this motion, he sought to exclude damages claims, witnesses, and evidence; dismissal of counts one and two for breach of fiduciary duty and dismissal of count four to remove Hersch as trustee; and impose attorney fees because Ida had not complied with the scheduling order. He also sought an order staying all further proceedings, including all discovery during the pendency of the motions. The hearing on Hersch's motion was scheduled for April 3, 2019.

¶8    During the February hearing neither the parties nor the probate court referenced WIS. STAT. § 802.06(1)(b). However, at one point, Ida's counsel stated, "We are still walled in that point for various reasons so following our amendment we proceeded that way and then we got a stay of discovery." Later the court asked, "Are we still in a period of discovery?" Further, Ida's

---

[8] We note that although the parties discussed the relevance of the dismissal of the civil theft claim with respect to the remaining three counts of the amended petition, the Estate does not appeal the dismissal of count three for civil theft here. Therefore, we do not address the probate court's order dismissing that count.

counsel said, "The way it is postured right now is a motion to dismiss and I want to make sure they are not trying to seek a stay of the proceedings that prevents us from doing the additional discovery we are entitled to do[.]" The probate court responded by saying, "You are entitled to do whatever the scheduling order allows you to do. No one is taking that away from you today." At the end of the hearing, the probate court did not stay discovery.[9]

¶9 On March 15, 2019, Ida filed a motion to compel discovery pursuant to WIS. STAT. § 804.12 seeking answers to interrogatories and requests for production. In response, on March 20, 2019, Hersch moved the court for a protective order and an order quashing subpoenas *duces tecum* for two non-parties to the litigation: Attorney Shannon and the Marital Trust's investment account advisor.

¶10 On April 3, 2019, the court heard the parties' remaining motions: Ida's motion to compel discovery, Hersch's motion for a protective order, and Hersch's motion to dismiss counts one, two, and four. The first matter the court addressed was Ida's deposition. The court summarized that when Hersch's representative arrived at her deposition in California on January 30, 2019, Ida "appeared to be in a state of mind where she was not able to respond to any of the questions because she has cognitive delays." Ida's counsel stated that the court and Hersch had been informed of Ida's cognitive state in the doctor's report the

---

[9] We note that the probate court signed two orders related to the February 14, 2019 hearing which the parties argued contradicted each other. The order signed on February 14, 2019, and filed on February 18, 2019, provided that "[a]ll other Orders not inconsistent with this Order shall remain in full force and effect." The order signed on February 18, 2019, and filed on February 26, 2019, provided that "[a]ll stays on the proceedings are lifted and no stay of the proceedings shall be issued prior to the completion of discovery."

previous September. Ida's counsel and Pumpian attended the deposition by telephone, rather than in person; Ida's other son, Ian Pumpian, with whom she lived, was present as well as local counsel. Hersch explained to the court that he felt there was a "bait and switch" because he was "induced to take her deposition and incur fees and cost and expense." The probate court questioned that if Ida's counsel "knew that [Ida] was not able to contribute as a witness in this case, I am not sure why you didn't tell the other side, don't waste the money."

¶11 The second matter addressed in the April 3rd hearing was Hersch's motion to exclude damages; dismiss counts one, two and four of Ida's amended petition; stay proceedings; and impose attorney fees because Ida had not complied with the scheduling order. Although Ida complied with the court-extended deadline to submit a witness list, Ida withdrew her expert—by separate letter to Hersch—and no expert report was submitted. Ida informed the court that she was "not seeking damages at this point." The court granted Hersch's motion to "exclude all evidence of damages at trial." The probate court stated its understanding that "there is no evidence of damages so any issue or element of the complaint that is asking the [c]ourt to find that there are damages are dismissed with prejudice." Addressing the fourth count of the amended petition—that Hersch be removed as trustee—Hersch's counsel reminded the probate court that Hersch had agreed to step down last November. The court stated, "Well, it's moot but he hasn't stepped down so it only becomes moot once he does it."

¶12 The final matter the probate court addressed at the April 3rd hearing was attorney fees. Previously, the parties agreed that Hersch would pay the trustee attorney fees and costs from the Marital Trust, but the payments would be "made from the Trust's principal," which left Ida's income unaffected. The probate court questioned who could afford to pay the attorney fees, requesting information about

the size of the trust and Ida's annual income. Hersch asserted that Ida should not reimburse the Marital Trust for attorney fees, but instead "given the fact that she is represented by an attorney, power of attorney, Mark Pumpian who has apparently been at the helm in this matter from the beginning, it's our position Mr. Pumpian himself should be the one responsible for reimbursing any fees the court believes is at issue." The probate court questioned Hersch, noting that Pumpian "is not receiving any money directly from the trust and he would not be the beneficiary of the trust should his mother pass away." Hersch confirmed that was true. The parties agreed to submit an accounting of their respective reasonable attorney fees to the court.

¶13     On April 22, 2019, the probate court issued a written order that reflected the court's summation of its decisions at the April 3, 2019 hearing; we recite the relevant rulings here:

> 1. That [Hersch's] Motion to Exclude Evidence is GRANTED;
>
> 2. That [Hersch's] Motion to Dismiss any claims for damages in Counts I and II of [Ida's] First Amended Petition is GRANTED;
>
> 3. That [Hersch's] Motion to Dismiss Count IV as moot is GRANTED, provided that, consistent with the representations contained in the Affidavit he submitted to the Court, William Hersch shall resign as Trustee and appoint Comerica Bank as successor trustee, provided however that should Comerica not accept such appointment, William Hersch retains the power to appoint a new successor trustee;
>
> 4. Provided and conditioned upon the resignation of William Hersch as Trustee and the appointment and acceptance of Comerica Bank and Trust or other as successor trustee, the remainder of [Ida's] Amended Petition shall be dismissed with prejudice;

5. That [Hersch's] Motion to Stay Further Proceedings is DENIED as moot;[10]

6. That [Hersch's] Motions to Quash and for Protective Order are DENIED as moot;[11]

7. That [Ida's] Motion to Compel is DENIED as moot[.][12]

¶14 Later that month, each party submitted an accounting of their reasonable attorney fees. Ida and Hersch each requested the court award reasonable attorney fees, pursuant to WIS. STAT. § 701.1004, which allows the court to award fees "as justice and equity may require." Ida sought approximately $28,000 in attorney fees for two attorneys' services. Hersch requested the court award him attorney fees in the amount of approximately $168,000.

¶15 The probate court issued a final order addressing this matter on June 28, 2019, ruling:

1. That [Hersch's] Motion for Attorneys' Fees is GRANTED as to a portion of the attorney fees requested and DENIED as to the balance of the attorney fees requested[;]

2. Mark Pumpian shall reimburse the Ida Hersch Marital Trust for [Hersch's] litigation expenses in the amount of $69,125.00.

3. [Ida's] Motion for Attorneys' Fees is DENIED;

4. This is a final order for purposes of appeal.

---

[10] Hersch asked the court to stay further proceedings until the April 3, 2019 motion hearing.

[11] Hersch asked the court for a protective order and for an order quashing the subpoenas *duces tecum* served upon the Marital Trust's investment account advisor and Attorney Thomas Shannon, pursuant to WIS. STAT. §§ 804.01(3) and 805.07(3).

[12] Ida asked the court to compel Hersch to provide responses to interrogatories and requests for production.

¶16    The Estate and Pumpian appeal.  Additional facts are included in the discussion as necessary.

## DISCUSSION

¶17    On appeal, the Estate and Pumpian argue that the probate court erred in its rulings on four issues.  First, Pumpian argues that the probate court committed reversible error when it ordered him to personally pay $69,125 in litigation expenses to reimburse the Marital Trust.  Second, the Estate asserts that the probate court erred when it dismissed two counts of breach of fiduciary duty.  Third, the Estate argues that the probate court erred when it concluded that it had no power to affect the selection of the successor trustee.  Finally the Estate argues that the probate court erred in not permitting Ida to conduct further discovery.  Hersch responds to this appeal by framing each order of the probate court as a sanction warranted by Ida's litigation tactics.  We address each argument below.

### I.    *Attorney fees*

¶18    On appeal, Pumpian argues that the probate court order requiring him to personally reimburse the Marital Trust for Hersch's attorney fees is reversible error.[13]  Pumpian argues that the probate court made no findings of fact and provided no analysis of the law or reasoning to support its order.  Pumpian asserts that neither the facts nor the law supports imposing attorney fees on him personally.

---

[13] Although both the Estate and Pumpian appeal the probate court's order requiring that Pumpian personally reimburse the Trust, the issue only affects Pumpian and, therefore, we will refer to it as his argument alone.

¶19 Wisconsin generally follows the "American Rule," which "provides that parties to litigation typically are responsible for their own attorney fees." ***Estate of Kriefall v. Sizzler USA Franchise, Inc.***, 2012 WI 70, ¶72, 342 Wis. 2d 29, 816 N.W.2d 853. "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." WIS. STAT. § 701.1004(1).

¶20 The imposition of attorney fees is a discretionary decision by the probate court. We will sustain a "discretionary determination" when it is based upon the facts in the record and "in reliance on the appropriate and applicable law." ***Hartung v. Hartung***, 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981). The court must demonstrate that it achieved "a reasoned and reasonable determination" though a "rational mental process[.]" ***Id.*** The record must show a reasonable basis for the court's exercise of discretion. *See* ***Howard v. Duersten***, 81 Wis. 2d 301, 305, 260 N.W.2d 274 (1977)

¶21 Here, the record is devoid of the probate court's reasoning to impose attorney fees in the amount it awarded, as well as its reasoning to impose these fees against Pumpian personally. *See* ***McMullen v. LIRC***, 148 Wis. 2d 270, 277, 434 N.W.2d 830 (Ct. App. 1988). With no such reasoning set forth in the record before us, this court cannot determine whether this imposition was reasonable under the facts and law. *See* ***Hartung***, 102 Wis. 2d at 66. Accordingly, we reverse the probate court order requiring Pumpian to personally reimburse the Marital Trust for attorney fees. We remand the issue of awarding litigation expenses to the probate court to determine whether litigation expenses should be awarded, the amount of any such expenses, and who can be responsible for expenses awarded in this matter.

11

¶22 Hersch argues that the record supports that the probate court imposed the attorney fees against Pumpian personally as a sanction for misconduct during litigation. However, as noted, the June 28, 2019 order cites no basis for the imposition of attorney fees, and there is no record of the probate court concluding that Pumpian's conduct warranted sanction. Further, the record reflects that there was no probate court hearing on the accounting of attorney fee submissions by the parties.

*II.        Counts one and two for breach of fiduciary duty*

¶23 The Estate argues that the probate court erred when it dismissed counts one and two of the amended petition for breach of fiduciary duty to the Marital Trust. "Our review of a [probate] court's decision to dismiss a case with prejudice is limited to whether the [probate] court erroneously exercised its discretion." **Haselow v. Gauthier**, 212 Wis. 2d 580, 590-91, 569 N.W.2d 97 (Ct. App. 1997). We will sustain the probate court's exercise of discretion when it examined the facts in the record, relied on "the appropriate and applicable law," and using a "rational mental process," it reached a conclusion a reasonable court could reach. **Hartung**, 102 Wis. 2d at 66. A reasonable basis for the court's exercise of discretion must be shown in the record. *See* **Howard**, 81 Wis. 2d at 305.

¶24 Hersch argued at the April 2019 hearing that Ida had withdrawn her expert, and therefore, Hersch could not "imagine a damages theory that [Ida] can pursue without an expert in this case." The Estate argues that the exclusion of evidence to prove compensatory damages was not fatal to its claims because its claims either would not require expert testimony or could have remedies other than compensatory damages. *See* **Groshek v. Trewin**, 2010 WI 51, ¶¶20, 29, 325

Wis. 2d 250, 784 N.W.2d 163 (concluding a defendant caused damage when he underpaid for land by breaching his duty of loyalty, but that the court's remedy was equitable and "no compensatory damages were sought or awarded"). We agree that equitable remedies are available for breach of trust actions. *See* WIS. STAT. § 701.1001.

¶25 We do not express any opinion regarding the validity of the Estate's claims. However, the probate court order from April 2019 provides no facts, reasoning, or law in support of its decision to dismiss counts one and two for breach of fiduciary duty. The record from the hearing does not provide the court's reasoning for this decision. Therefore, we must conclude that the probate court erroneously exercised its discretion when it dismissed counts one and two from the amended petition. To the extent that the April 22, 2019 probate court order affects the remanded prosecution of counts one and two of the amended petition, it is reversed and we remand to the probate court for further proceedings.

¶26 Hersch, again, argues that the probate court had reason to sanction Ida for violating the scheduling order, sanctions which could include the dismissal of any or all of the counts in the amended petition. *See* WIS. STAT. §§ 804.12, 805.03; *Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶42, 299 Wis. 2d 81, 726 N.W.2d 898 (holding that circuit courts may dismiss actions as a sanction for egregious conduct, which includes a persistent failure to follow court orders). Without addressing whether Ida's conduct could be considered egregious, we again have no record from the probate court expressing its assessment of the facts and law and displaying its rational reasoning to impose dismissal as a sanction. *See Hartung*, 102 Wis. 2d at 66. We decline to make an assumption that a sanction was properly imposed or warranted.

13

### III. Successor trustee

¶27   The next issue is whether the probate court had authority to impose conditions on the selection of a successor trustee. Beginning with her original petition, Ida requested that Hersch be removed as trustee and a successor trustee be appointed by the probate court. The Estate argues that the probate court misunderstood and misapplied the law with regard to replacing the trustee. However, here, the probate court dismissed the actions relating to the successor trustee as moot on the condition that Hersch vacate the trustee position. We agree this issue is moot because Hersch resigned as trustee and Comerica, the intervenor respondent, was appointed as trustee. In Wisconsin, the rule is generally that "a case is moot when a determination is sought upon some matter which, when rendered, cannot have any practical legal effect upon a then existing controversy." *G.S. v. State*, 118 Wis. 2d 803, 805, 348 N.W.2d 181 (1984). This court "will not determine abstract principles of law." *City of Racine v. J-T Enters. of Am., Inc.*, 64 Wis. 2d 691, 700, 221 N.W.2d 869 (1974). There is no assertion on appeal that the successor trustee has failed to provide information under the terms of the Marital Trust. We decline to address this issue any further. Accordingly, we affirm the probate court order's determination that this issue is denied as moot.

### IV. Additional discovery

¶28   In its final argument, the Estate asserts that the probate court erred in not permitting Ida to conduct further discovery. We conclude that although Hersch asserted that a stay of discovery was automatically triggered, pursuant to WIS. STAT. § 802.06(1)(b), by his motions to dismiss and that the record reflects that the parties operated under their belief that a stay of discovery was in effect,

14

the record does not reflect that the probate court operated under such a belief. Rather, the record reflects that the court did not issue any orders staying discovery.

¶29 At the January 15, 2019 hearing, the probate court stated that it was not familiar with the revisions to the statute, that it had not had a chance to read the statute, and at one point in the hearing it indicated that, "[t]here is no stay on any discovery."[14] Additionally, the court made no affirmative decision relative to staying discovery at that time, other than its statement during the arguments about a stay, and its written order following the hearing did not address staying discovery.

¶30 During the February 2019 hearing neither the parties nor the probate court referenced WIS. STAT. § 802.06(1)(b). However, the context of the parties' arguments reflect that they were discussing whether Hersch's motions to dismiss automatically triggered a stay of discovery. At one point, addressing the status of the case, Ida's counsel stated, "The way it is postured right now is a motion to dismiss and I want to make sure they are not trying to seek a stay of any proceedings that prevents us from doing the additional discovery we are entitled to do[.]" The probate court responded by saying, "You are entitled to do whatever the scheduling order allows you to do." Further, at the end of the hearing the probate court did not stay discovery.

¶31 Thus, based on the record, we conclude that the probate court did not prevent Ida from taking further discovery. Rather, it told Ida's counsel that he was

---

[14] We note that it is unclear from the transcript of the hearing whether the court was referring to the statute triggering a stay or the fact that it had not issued any order staying discovery.

"entitled to do whatever the scheduling order allows you to do." Thus, on remand the probate court should address any discovery or scheduling order issues as it deems appropriate.

## CONCLUSION

¶32    Because we cannot discern the reasonable basis for the probate court's orders relating to the award of attorney fees and the dismissal of counts one and two of Ida's amended petition, we reverse those orders. Further, the petition to replace Hersch as the trustee of the Marital Trust is moot and, therefore, the probate court's decision with respect to the replacement of the trustee is affirmed. Lastly, we conclude that the probate court did not prevent Ida from taking further discovery. Thus, on remand the probate court should address any discovery or scheduling order issues as it deems appropriate. We remand to the probate court for further proceedings consistent with this decision.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

16