COURT OF APPEALS
DECISION
DATED AND FILED

April 28, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2024AP1737-CR**
**2024AP1742-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2017CF4556
2018CF460

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

QUARAN OSHAY IRELAND-COLEMAN,

DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Milwaukee County: MICHELLE A. HAVAS, Judge. *Affirmed*.

Before Colón, P.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Quaran Oshay Ireland-Coleman appeals from judgments convicting him of one count of strangulation and suffocation as an act of domestic abuse, one count of disorderly conduct as an act of domestic abuse, one count of conspiracy to intimidate a witness as a person charged with a felony, and one count of witness intimidation as a person charged with a felony. He also appeals from the order denying his postconviction motion for relief. Upon review, we affirm.

## BACKGROUND

¶2 In Milwaukee County Circuit Court Case No. 17CF4556, the State charged Ireland-Coleman with of one count of strangulation and suffocation as an act of domestic abuse and one count of disorderly conduct as an act of domestic abuse. According to the criminal complaint, on September 30, 2017, Milwaukee police responded to a call at 5333 North 38th Street, where E.F. reported that Ireland-Coleman, her former live-in boyfriend, had damaged her residence. E.F. told police that when she confronted Ireland-Coleman, he strangled her and impeded her breathing. E.F. also saw that Ireland-Coleman had a firearm in his waistband. E.F. told police that she and Ireland-Coleman went for a walk and he fired two shots into the air to scare her. E.F. called the police several hours later. Ireland-Coleman was arrested following a traffic stop.

¶3 While Ireland-Coleman was being held at the criminal justice facility, investigators found that he had made multiple calls to E.F. and his mother, seeking to dissuade E.F. from cooperating with police. The calls were made using PINs that did not belong to Ireland-Coleman. Based on these calls, the State charged Ireland-Coleman with one count of conspiracy to intimidate a witness as a person charged with a felony, and one count of witness intimidation as a person

2

charged with a felony in Milwaukee County Circuit Court Case No. 2018CF460. Both cases were joined for trial.[1] At this point in the proceedings, Ireland-Coleman was represented by Attorney Glenn Givens.

¶4 Following several failed attempts to contact E.F., the State moved to admit E.F.'s statements to law enforcement under the doctrine of forfeiture by wrongdoing. The State argued that E.F.'s unavailability "was an aim of the defendant, and his actions were a cause of [E.F.] being unavailable." The State further argued that Ireland-Colman "coached her to tell the District Attorney's office that she would not come to court, and the defendant's mother gave the same message to the District Attorney's office when she brought [E.F.] in." The trial court granted the State's motion.

¶5 On March 15, 2019, the State filed a proposed stipulation in which it alerted the trial court that on October 11, 2017, Attorney Givens recorded a phone call between himself and E.F. In the recorded phone call, E.F. told Attorney Givens that the strangulation was a false accusation and that she went to the District Attorney's office to recant the statements she had made to police. Attorney Givens had this recording in his possession for over one year before turning it over to the State following a discovery request. The State argued that because of his actions, Attorney Givens made himself a material witness to the case. It argued that "[i]n the absence of a proposed remedy or voluntary withdrawal," removal of Attorney Givens as counsel was appropriate. Following a hearing, the trial court agreed that removing Attorney Givens as Ireland-

---

[1] On its own motion, this court consolidated the cases for disposition on March 10, 2026.

Coleman's counsel was appropriate because of the risk of Attorney Givens becoming a necessary witness.

¶6 Ireland-Coleman proceeded to trial with successor counsel. Multiple witnesses, including law enforcement, Attorney Givens, and Ireland-Coleman, all testified. E.F. did not testify, nor was she present for any part of the trial. The jury convicted Ireland-Coleman on all counts. The trial court imposed a total sentence of eight years' initial confinement and four years' extended supervision.

¶7 Ireland-Coleman filed a postconviction motion for a new trial arguing that the trial court erroneously exercised its discretion when it removed Attorney Givens as counsel. Ireland-Coleman also raised multiple allegations of ineffective assistance of counsel. As relevant to this appeal, he alleged that successor counsel was ineffective for failing to object to police expert opinion testimony about E.F.'s credibility. He also alleged that successor counsel was ineffective for failing to object to "opinion testimony [from an analyst] and leading questions [from the State] about … whether the defendant conspired to intimidate [E.F.] and whether the defendant intimidated E.F. to recant her accusation." The postconviction court denied the motion without a hearing. This appeal follows.

## DISCUSSION

¶8 On appeal, Ireland-Coleman again contends that the trial court erroneously exercised its discretion when it removed Attorney Givens as counsel because Attorney Givens was not a necessary witness and did not have a conflict of interest. He also reiterates the ineffective assistance of counsel arguments he made in his postconviction motion.

4

¶9      As to the issue of Attorney Given's removal, we note that the party seeking attorney disqualification has the burden of proving the necessity for disqualification. *See Marten Transp. Ltd. v. Hartford Specialty Co.*, 194 Wis. 2d 1, 24-25, 533 N.W.2d 452 (1995). Whether disqualification of an attorney is required in a particular case involves an exercise of the trial court's discretion. *State v. Tkacz*, 2002 WI App 281, ¶8, 258 Wis. 2d 611, 654 N.W.2d 37. The trial court "possesses broad discretion in determining whether [attorney] disqualification is required in a particular case, and the scope of our review is limited accordingly." *Schloetter v. Railoc of Ind., Inc.*, 546 F.2d 706, 710 (7th Cir. 1976). Generally, we will not find an erroneous exercise of discretion if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the trial court's decision. *Howard v. Duersten*, 81 Wis. 2d 301, 305, 260 N.W.2d 274 (1977).

¶10      Contrary to Ireland-Coleman's contention, we agree with the postconviction court that Attorney Givens was a necessary witness as to a contested issue in the case. The State charged Ireland-Coleman with strangulation and disorderly conduct based on E.F.'s statements to police and her injuries. The State also issued intimidation charges based on Ireland-Coleman's jailhouse phone calls. Attorney Givens was in possession of a recording from E.F. in which she recanted the strangulation accusation to him. The recording and Attorney Given's knowledge of E.F.'s statements not only went to the strangulation charge, but they were also relevant to a contested issue—whether Ireland-Coleman intimidated E.F., possibly leading to the recantation. The trial court acknowledged that Attorney Givens represented Ireland-Coleman for nearly 16 months and that Ireland-Coleman had not requested a change in counsel; however, the court noted that the possibility of Attorney Givens becoming a witness created a conflict

5

necessitating his removal. Indeed, Attorney Givens did testify at the trial about the recording. Accordingly, we agree with the postconviction court that the trial court properly exercised its discretion by removing Attorney Givens as Ireland-Coleman's counsel.

¶11 Ireland-Coleman next contends that successor counsel was ineffective in multiple respects. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address both components of the analysis if a defendant makes an inadequate showing on one. *Id.* at 697. We affirm the trial court's findings of fact unless they are clearly erroneous, but the determination of deficient performance and prejudice are questions of law that we review without deference to the trial court. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).

¶12 First, Ireland-Coleman contends that successor counsel failed to object to Detective Jonathan Bohn's testimony regarding his assessment of E.F.'s credibility when she reported Ireland-Coleman's conduct to police. At trial, the following exchange took place between the State and Bohn:

> [State]: Is part of your job as an officer and now a detective to assess the credibility of somebody, whether it be a victim, a witness, a suspect, just a citizen?
>
> [Bohn]: Yes.
>
> [State]: Okay. And when you do that, what are some things you are looking for when interviewing someone?
>
> [Bohn]: Reliability of statements, their demeanor, collaboration with statements that other people make, witness statements to back up their statement. These sorts of things.

6

[State]: And did you assess the credibility of [E.F.] and make sure her story made sense?

[Bohn]: Yes.

¶13     Ireland-Coleman argues that Bohn's testimony violated the well-established principle that a witness, expert or otherwise, may not testify as to the truthfulness of another physically and mentally competent witness. *See State v. Haseltine*, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984). We disagree. Bohn did not opine as to whether E.F. was generally credible. The State asked Bohn whether he, himself, assessed the credibility of E.F.'s allegations during his investigation. Bohn stated that based upon his investigation and interview with E.F., he found E.F.'s allegations to be credible. Moreover, E.F. was not a witness at trial. Bohn's testimony did not constitute a *Haseltine* violation. Counsel was not ineffective for failing to raise a *Haseltine* objection.

¶14     Ireland-Coleman next contends that successor counsel was ineffective for failing to object to the State's "leading questions" during its questioning of Amy Lagueux, an analyst at the District Attorney's office. Ireland-Coleman contends that the State's questions "crossed [the] line into eliciting her opinions on the ultimate issue of whether a conspiracy had been formed between the defendant and his mother" to intimidate E.F. Again, we disagree.

¶15     Lagueux testified that her responsibilities as an analyst include reviewing jailhouse phone calls and listening for signs of witness intimidation. Ireland-Coleman contends that the State's line of questioning led Lagueux to opine on the ultimate issue of whether a conspiracy occurred to intimidate E.F. We agree with the postconviction court's analysis, which notes that Ireland-Coleman has failed to demonstrate that he was prejudiced by Lagueux's testimony. The jury heard the phone calls and saw that E.F. was not present at the

trial. Even without Lagueux's testimony, the actual recordings support the jury's verdict as to the intimidation charges. Ireland-Coleman cannot establish that he was prejudiced by Lagueux's testimony; thus, counsel was not ineffective for failing to object to the State's line of questioning.

## CONCLUSION

¶16 For the foregoing reasons, we affirm the judgments of conviction and the order denying Ireland-Coleman's postconviction motion.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.